BOARD OF TENEMENT HOUSE SUPERVISION OF THE STATE OF NEW JERSEY, APPELLANT, v. MARY J. SCHLECHTER, APPELLEE.

Argued February 20, 1912—Decided June 25, 1912.

1. In a prosecution for a penalty under the Tenement House act (*Comp. Stat., p.* 5321), the board of tenement house supervision created by section 203 of the act, being a state agency, is not liable for costs.

2. In this respect section 242 of the Practice act applies to District Courts as provided by section 68 of the District Court act of 1898.

3. Hence in an appeal from a judgment for defendant upon such prosecution in the District Court, the board need not enter into an appeal bond.

4. The extension of time to agree upon or settle state of the case on appeal from District Courts (*Comp. Stat., p.* 2017, § 213d) must not necessarily be granted by the judge that tried the case.

5. If the time be so extended as to make it impracticable to bring on the appeal by due notice at the next term, the requirement that such appeal be heard at the next term after the "determination or direction" of the District Court is not applicable.

6. In a prosecution under a penal statute the evidence should show a case clearly within the terms of the statute.

7. The question being whether the lowest inhabited floor of a tenement house should count as a "story," and this depending on whether it was a "basement" more than five feet above the "grade" and assuming that "grade" is synonymous with "curb level" as used in the statute, but the word "curb level" being susceptible of two meanings, one of which would result in the lowest floor being counted as a story and the other would not, it was incumbent on the plaintiff to show facts which would require the application of the former meaning.

---

On appeal from District Court, and on motion to dismiss said appeal.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Josiah Stryker* (*Edmund Wilson,* attorney-general, on the brief).

For the appellee, *Hugh B. Reed.*

The opinion of the court was delivered by

PARKER, J. We take up first the motion to dismiss the appeal. This is urged on several grounds. The first ground is that no bond was entered into as required by the act of 1902, *p.* 565, as amended in 1910. *Comp. Stat., p.* 2016, *pl.* 213a. But it is plain that the appellant is a state agency. *Comp. Stat., p.* 5354, § 203. Consequently the usual rule as to costs does not apply. See 3 *Stew. Eq.* 667, *note.* Section 242 of the Practice act (*Comp. Stat., p.* 4126) is no doubt applicable under section 68 of the District Court act. *Comp. Stat., p.* 1977. As there is no money judgment for defendant there is nothing for a bond to secure.

The next ground is that the judge was without jurisdiction to settle the state of the case. The judgment was rendered on September 8th, and normally the case should have been settled by September 23d. *Comp. Stat., p.* 2017, *pl.* 213c. Under the power given by that section to extend the time, Judge Day of the District Court of Morris county, as acting judge of the court where the case was tried (*Comp. Stat., p.* 1959, § 19), granted an extension until October 20th; and on October 17th Judge MacLear of the trial court granted a further extension until November 24th. The case was settled by Judge Day on November 17th. The point made is that the extension by Judge MacLear was invalid, as he did not try the case; but this is not essential, for it should be remembered that primarily the case is to be settled by the parties or their attorneys, and there is no reason why the power to extend the time for them to agree on a case, if possible, should be confined to the judge that tried the case. The extension of time may properly be granted by the judge conducting the court for the time being, and in granting this extension Judge

MacLear was manifestly attending to the business of his own court. The ultimate settlement of the case properly devolved on the trial judge.

The last ground is that the appeal was not heard in this court at the next term after the judgment below, and that more than twenty days intervened between such judgment and the next term of this court. *Comp. Stat.,* p. 2017, *pl.* 213d. This is another section of the Appeal act of 1902, *p.* 566. All the sections of that act should be read together; and clearly the legislature never meant to cut off appeals in cases where the court below by extensions of time, perhaps at request of parties, puts it out of the power of appellant to bring the appeal on for hearing according to the course of practice in this court. In the present instance, when the case was settled on November 17th, this court had closed its regular session for oral argument of cases some days previously. Inasmuch as this appeal is classified as litigated common business, being in the nature of a *certiorari* (*Green* v. *Heritage,* 35 *Vroom* 567), it cannot be brought on except by giving ten days' notice and for the beginning of a term. (Rule 76.) The Appeal act should not be construed to require impossibilities, and the requirement that the appeal should be heard at the next term after judgment is plainly inapplicable to cases where the state of the case is lawfully delayed so long as to render it impracticable under the law and rules of court to bring the appeal on for oral argument during the session of the court at such next term.

The motion to dismiss the appeal will be denied; and this brings us to the merits.

The action was brought to recover a penalty for violation of the Tenement House act (*Comp. Stat.,* pp. 5321, 5351, § 190) against appellee as owner, in failing to provide the house owned by her and described in the proceedings, with fire escapes as required by the act. The requirement in question is in section 35, which reads, in part, as follows:

"Every now existing non-fireproof tenement house, more than three stories high, unless provided with outside fireproof

stairways directly accessible to each apartment, shall have fire escapes located and constructed as hereafter described."

The building in question had no fire escapes or outside fire-proof stairways, and the decision turned upon the question whether it was more than three stories high.

If the basement should be counted under the statutory scheme as a story, the judgment was erroneous; if not, it was correct. This leads to an examination of some definitions contained in the statute itself. The word "story" is not defined. By section 9 a "basement" is a story partly, but not more than one-half below the level of the grade, and for the purposes of this act shall be counted as a story if more than five feet above the *grade,* unless otherwise specifically stated.

By section 10, "a cellar is a story more than one-half below the level of the *curb,* and for the purposes of this act shall *not* be counted as a story unless otherwise specifically stated. (Italics mine.)

Paragraph seventeen provides that "The word 'curb' for the measurement of heights shall be taken to mean the level of the established curb line where the same exists, taken at the center of the street frontage; where the walls of a building do not adjoin the street or building line, then the average level of the ground on which the building stands may be taken as the curb, *at the direction of the board."*

There is no definition of the word "grade" in the statute.

Bearing these particulars in mind, we proceed to apply them to the findings of fact.

The building was known as No. 17 Breintnall place. It does not appear whether or not it adjoined the street or building line, nor that the board, if it did not, made any direction that the average level of the ground be taken as the curb. It does appear that the "basement" was inhabited; that its floor was on a level with the curb in Breintnall place, and that the ceiling was five feet three inches above such level; and that the natural surface of the lot was three feet higher than such curb, and consequently three feet of the "basement" was below such natural surface; which should

properly be regarded as synonymous with the "average level of the ground on which the building stands," in the language of the statute.

If this low-ceiled basement, only five and one-quarter feet high, was a "cellar" it would not count as a story. It was a "cellar" if more than one-half below the level of the "curb."

If it was a "basement" it did not count as a story if not over five feet above the "grade."

Counsel for appellant maintain that "grade," as used in the statute, is synonymous with "curb," and that the curb in Breintnall place is the *datum* of elevation. Granting, for the sake of argument, the first proposition, we cannot accede to the second. The action being for a penalty, plaintiff must show a case strictly within the statute. 30 *Cyc.* 1358; *Allaire* v. *Howell Works Co.,* 2 *Gr.* 21. It was incumbent on the plaintiff below to show whether or not the walls of the house in question adjoined the street or building line, and if not, whether there had been any direction of the board fixing the "curb" as the average level of the ground.

The proof not being sufficient to justify a finding that the "basement" was more than five feet above the grade, or that it was not a "cellar," the judgment for defendant was proper and should be affirmed.