ROBERT L. STEPHENS, ADMINISTRATOR, &c., APPELLANT, v. COMMISSIONERS OF PALISADES INTERSTATE PARK, RESPONDENT.

Submitted July 7, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which court the following memorandum was filed by Mr. Justice Parker:

"The action is for negligence. As I recollect the complaint, which at this writing *is not* before me, plaintiff's intestate is claimed to have sustained fatal injuries by reason of the defective condition of a pathway in the Palisades Interstate Park, under the control of the defendant corporation, and plaintiff alleges that such condition was due to defendant's negligence. The answer set up, among other things, that conceding this, no legal liability therefor rested on the defendant; and as this goes to the root of the case, the matter is properly brought up for determination in advance of trial, pursuant to rule 40. At the argument I expressed the tentative view that the point was well taken; and a careful reading of plaintiff's brief, since received, fails to impress me to the contrary.

"The Palisades Park commission, created by the act of 1900 (*Pamph L., p.* 163; *Comp. Stat., p.* 3890), is a state agency, charged with a public duty, to wit, the acquisition and development and improvement of land for a great public park along the Palisades, in the States of New Jersey and New York. It performs no private functions; the commissioners are not even compensated. It may be likened to the corporations called the 'State Home for Girls' (*Comp. Stat., p.* 4888), the 'State Home for Boys' (*Comp. Stat., p.* 4880) and the 'State Reformatory for Women' (*Comp. Stat., p.* 4931) ; all these are incorporated. The state reformatory commissioners, on a hasty glance at the act (*Comp. Stat., p.* 4929), seem to be unincorporated. But all are public bodies charged with public duties by direct mandate of the state, and never, so far as I know, has any been held liable for negligence. The present defendant is, I think, undeniably within the same class, and plainly within the rule laid down in *Strader* v. *Freeholders,* 18 *N. J. L.* 108, and rigorously adhered to in all later decisions, that a public agency, charged with a public duty, is not liable to an individual member of the public for negligence in the performance of that duty. It is true that most of the decisions relate to municipal corporations. *Bisbing* v. *Asbury Park,* 80 *Id.* 416, and cases cited. But that, in my judgment, is incidental, and because as state agencies they are within the broader rule.

"A glance at the act under which defendant operates will show the essentially public character of the corporation and its duties; and in the construction and maintenance of the roads and paths through this public park, the commission, as the state's agent, should no more be liable for mere negligence than overseers of roads at the common law or a municipal corporation or board of freeholders in the absence of a statute imposing liability. The later acts of 1909, page 177, and 1910, page 208, in no way alter the situation. Nor does the fact that the rights reserved of access across the park to lands on the water front. This is a mere incidental limitation of the full public use.

"It is urged that the express power to sue and be sued indicates an intent to subject defendant to liability in damage suits. But this same point was considered and overruled in the Strader case.

"I conclude, therefore, that the defendant is not liable in this action; and under the rule cited, judgment should go for the defendant. Rule may be entered accordingly."

For the appellant, *Frank R. Pentlarge.*

For the respondent, *Thomas F. McCran.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.