TOWN OF KEARNY, PROSECUTOR, v. STATE BOARD OF
TAXES AND ASSESSMENT AND CONGOLEUM-NAIRN
COMPANY, DEFENDANTS.

Submitted May 26, 1927—Decided September 16, 1927.

1. As a general rule, costs will not be awarded as against a state
   agency.
2. Where a judgment has been reversed in an appellate court, and
   a new trial awarded, where the reversal is on account of error
   by the trial court, and such reversal does not finally determine
   any issue between the parties, costs should not be awarded at law
   in the appellate court.

On application for award of costs in favor of prosecutor.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Hobart & Minard.*

For the defendants, *John Milton* and *John J. Mulvaney.*

The opinion of the court was delivered by

PARKER, J.   On *certiorari* to a judgment of the state board,
reducing the valuation for taxation of the plant of the Congo-
leum-Nairn Company, the town of Kearny, as prosecutor,
was successful to the extent of obtaining the judgment of
this court that the state board proceeded illegally in reaching
its judgment, and that such judgment be set aside. *Kearny
v. State Board,* 4 *N. J. Mis. R.* 834. This normally required

that the case go back to the state board for a retrial conducted
according to the principles laid down. The prosecutor, pre-
ferring the direct action of this court, applied to have us fix
the valuation, which we declined to do (*ante, p.* 26), and on
appeal our refusal was sustained. *Post, p.* 699. Then the
prosecutor applied for award of costs in the Supreme Court
*ad interim* as the successful litigant in that court.

It is plain that costs should not go as against the state
board, because it is a state agency, not to mention the fact
that it is the statutory tribunal whose judgment was reversed.
*Tenement House Board* v. *Schlechter*, 83 *N. J. L.* 88; *Rayner*
v. *Benjamin*, 88 *Id.* 83, 86; *Manufacturers' Land Co.* v.
*Board*, 98 *Id.* 638, 642.

As to the Congoleum-Nairn Company, the case is within
the well-settled rule that where a judgment is reversed in an
appellate court, and a new trial awarded, where the reversal
is on account of error in the trial court, and such reversal
does not finally determine any issue between the parties, costs
should not be awarded at law in the appellate court. *Lehigh*
*Valley Railroad Co.* v. *McFarland*, 44 *N. J. L.* 674; *Lynch*
v. *Public Service Railway Co.*, 83 *Id.* 783; *Reed* v. *Public*
*Service Railway Co.*, 98 *Id.* 356.

As noted in the last case, the matter is within our discre-
tion. *Rosenkranz* v. *Wolf*, 87 *N. J. L.* 211. But this seems
conspicuously a case in which that discretion should not be
exercised in favor of an award of costs at this stage, as against
the Congoleum-Nairn Company, which was in no way respon-
sible for the procedural action taken by the state board.

The application is therefore denied.