## ISLAND DEVELOPMENT CO. et al. v. Mc-GEORGE.

Circuit Court of Appeals, Third Circuit. January 2, 1930.

No. 3652.

For former opinion, see 26 F.(2d) 841.

Walter I. Hanstein, of Atlantic City, N. J., for plaintiffs in error.

James Mercer Davis, of Camden, N. J., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and DICKINSON, District Judge.

WOOLLEY, Circuit Judge. This court reversed a judgment of the District Court of the United States for the District of New Jersey in the above entitled cause and awarded a new trial. In due course the mandate issued, carrying costs to the plaintiffs-in-error pursuant to sections 3 and 5 of Rule 29 and section 7 of Rule 23. The defendant-in-error has moved that the mandate be recalled and corrected so that the costs of review shall abide the result of the second trial. He bases his motion on the statement that the reversal was due solely to an error of the trial judge and on the claim that the power of a federal court to tax costs must be derived from a federal statute; that there is no such statute; that, lacking statutory authority, the rules of this court in respect to costs are invalid; and that, in consequence, under authority of the Conformity Act (28 USCA § 724) the only rules as to costs which it may apply are those of the courts of the state in which the case was tried. Resting on this proposition, he maintains, that, in obedience to the rules of the courts of New Jersey, promulgated under statutes of that state, 2 Cum. Sup. to Comp. Stat. of New Jersey, p. 2838, and construed in Kearny v. State Board, 103 N. J. Law, 541, 138 A. 569, which provide that after reversal and award of a new trial costs of appeal shall await the final decision, the mandate in this case should be corrected by postponing the taxation of costs.

The Conformity Act (28 USCA § 724) applies only to procedure—"practice, pleadings and forms and modes of proceeding"—and then mainly in the district courts. It does not apply to the taxation of costs in this appellate court, for that is a matter, inherently and necessarily, within its general powers, to be exercised under its own rules, conforming as closely as may be to the practice of the Supreme Court. Rule 8. If the Conformity Act held the United States Circuit Courts of Appeals to the cost rules of state courts, they would be governed by, and would have to apply, as many different rules in respect to costs as there are states in their circuits. The result would be irregularity and confusion in an important incident to the administration of justice which, we think, the Congress did not intend.

Holding that this court has full power to make and enforce its own rules as to costs in litigation before it and that the costs in this case were taxed pursuant to its rules, formally promulgated, the motion of the defendant-in-error to recall and change the mandate is denied.