ALBERT J. NESBITT, PLAINTIFF, v. THE BOARD OF MANAGERS OF THE NEW JERSEY AGRICULTURAL EXPERIMENT STATION, DEFENDANT.

Decided December 10, 1931.

For the plaintiff, *Norman Harker.*

For the defendant, *Robert Peacock,* assistant attorney-general.

ELDREDGE, C. C. J. The plaintiff in this case brought suit against the defendant the board of managers of the New Jersey agricultural experiment station, alleging that on October 5th, 1926, the defendant, by its servants, agents and employes operated an automobile in a negligent manner and caused injury to the plaintiff, for which injury he seeks to recover.

The act of 1880 (*Pamph. L.* 1880, *p.* 137), creating the board of managers of the New Jersey agricultural experiment station provides that the said station shall be established for the benefit of practical and scientific agriculture and the development of unimproved lands. The direction of the institution was committed to the board of directors consisting of the governor, the board of visitors of the state agricultural college and the president and professor of agriculture of that institution. The board of directors had authority to appoint a director to have general management and oversight of the experiments and investigations necessary to carry out the objects of the institution and also to employ competent chemists and other assistants to analyze soils, fertilizer and objects of agricultural interest. By a later act of the legislature, the board of directors were designated as a board of managers. By an amendment passed in 1887 (*Pamph. L.* 1887, *p.* 24) the legislature of the State of New Jersey accepted and assented to appropriations and grants of money as made and provided for in an act of the Congress of the United States, approved March 3d, 1887, entitled, "An act to establish agricultural experiment stations in connection with the colleges established in the several states under the provisions of an act approved July 2d, 1862, and of the acts supplementary thereto," and by a further act passed in 1920, and amended in 1923, the board of managers is empowered to provide for instruction in poultry raising and to that end to conduct poultry exhibitions and to charge admission thereto and to pay the expense thereof. This act provides that any excess of income over expenses for any particular show shall be held and used to defray the expenses of

subsequent poultry exhibitions. Neither the original act nor the amendments thereof anywhere provide that the board of managers have the right to sue or be sued.

A motion is now made by the defendant to dismiss the complaint upon the ground that a suit cannot be maintained against the State of New Jersey, that the defendant is a state agency and hence a suit against it would be a suit against the state.

In the judgment of the court, this motion must prevail. That the state of New Jersey cannot be sued without its consent has been long established in this state.

In the case of *Lodor* v. *Baker, Arnold & Co.,* 39 *N. J. L.* 49, the court, speaking through Mr. Justice Van Syckle, said: "With regard to the state courts, it requires no constitutional provisions to shield the state from suits by its own citizens, or by the citizens of another state. It enjoys this immunity as one of the essential attributes of sovereignty, it being an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts without its consent."

See, also, *American Dock, &c., Co.* v. *Trustees of Public Schools,* 32 *N. J. Eq.* 428.

Both these cases were cited with approval as late as 1920, by Vice-Chancellor Buchanan, in *Curtis & Hill & Co.* v. *State Highway Commission,* 91 *N. J. Eq.* 421. After stating that an interpretation which would make a statute operative to affect a state is not to be given unless the legislature's purpose to do so is clearly indicated, the vice-chancellor adds, "it is, I take it, essentially the same rule or principle which prevents the state from being sued by its citizens."

If then a suit instituted against the board of managers of the New Jersey agricultural experiment station be in substance a suit against the State of New Jersey, the action will not lie. That this suit is, in substance, against the State of New Jersey, appears to the court to be beyond question.

The decision of Mr. Justice Parker, in *Robert L. Stephens, Administrator, &c.,* v. *The Commissioners of the Palisades*

*Interstate Park,* 93 *N. J. L.* 500, would seem to this court to control the present controversy. The board in the present suit, as was the park commission in that suit, is a state agency charged with a public duty. The governor of the state is a member of the board of managers. The expenses incurred in conducting and managing the station are paid upon warrant of the comptroller, out of state funds. The legislature makes annual appropriations for that purpose. An amendment to the act of 1880, passed in 1904 (*Pamph. L.* 1904, *p.* 47), provides, *inter alia,* that the station "be authorized each year to incur expenses not exceeding fifteen hundred dollars for printing the bulletins issued from the said station, containing analysis of fertilizers, fodders, seeds and soils, the results of investigations in feeding animals, in testing the adaptability of soils and manures, for the various cereal, fruit and vegetable crops and such other results and investigations as may be deemed by the board of managers to be of immediate usefulness *to the citizens of the state.*"

The only power granted the board, which could in the slightest be interpreted as the *exercise* of anything but a public function, is contained in the amendment of 1923; granting the board the power to conduct poultry exhibitions and charge admissions thereto. Such exhibtions, however, are not for profit and any excess of income over the expenses in any one year is held for the purpose of defraying the expenses of subsequent exhibitions. These exhibitions, like the other activities of the board, are public functions not for profit but intended.to be "of usefulness to the citizens of the state." In addition to all this, any judgment obtained in this matter would have to be paid out of the treasury of the State of New Jersey and hence a suit against the state. For the above reasons, the motion to strike the complaint will be granted.