CARMINE DeSANTIS AND AGNESE DeSANTIS, PLAINTIFFS, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, A CORPORATION OF THE STATE OF PENNSYLVANIA, AND BOARD OF PUBLIC UTILITY COMMISSIONERS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS.

Decided January 9, 1933.

For the motions, *William A. Stevens,* attorney-general, for the state highway commission; *John A. Bernhard,* for public utility commissioners.

*Contra, Clarence A. Ward,* for the plaintiffs.

JAYNE, S. C. C. To summarize the material allegations of the lengthy complaint in the above-entitled action, it may be said that the plaintiff Carmine DeSantis alleges that on May 15th, 1928, he was and continues to be the owner of certain premises situate on Springfield avenue, in the borough of New Providence, Union county, New Jersey, upon which he had erected a building containing many stores, from the rental of which he received a substantial income. He complains that in the spring and summer of 1932, the defendant Delaware, Lackawanna and Western Railroad Company, "with the consent, permission, approval and order" of the defendants the Passaic and Delaware Railroad Company, the borough of New Providence, board of chosen freeholders of the county of Union, board of public utility commissioners of the State of New Jersey and the state highway commission of the State of New Jersey, in the elimination of a grade crossing in that vicinity, made such physical changes in Spring-

field avenue in front of his premises as to detrimentally interfere with the previous access to his property, and that as a result of the construction of a tunnel and the erection of certain fences at that location incident to the elimination of the crossing, the value of his land and the building thereon has been materially depreciated. The plaintiff avers that the defendants have thus rendered Springfield avenue unavailable for public travel in front of his premises and have, moreover, taken possession of a part of his lands for which they have failed and neglected to compensate him. The complaint asserts the claim that the plaintiffs, Carmine DeSantis and Agnese DeSantis, his wife, have, in consequence of the acts so alleged, sustained special injury in the circumstances and they demand damages.

The complaint contains ten counts, and the allegations hereinbefore generalized are made part of each count. The eighth count is intended to state the cause of action of the plaintiff Carmine DeSantis, against the board of public utility commissioners. The ninth count contains the averment of this plaintiff against the state highway commission. The tenth count declares the interest of the plaintiff Agnese De-Santis in the property so alleged to have been damaged and embraces the allegations of all the other counts of the complaint in support of her claim for damages.

A motion is made in behalf of the board of public utility commissioners to strike out the complaint against this defendant. A like motion is made in behalf of the state highway commission. Several reasons are assigned in support of the respective motions which present the contentions, first, that the complaint fails to allege a cause of action against these two defendants, and secondly, that these two defendants are each agencies of the State of New Jersey and that an action cannot be prosecuted against them without the consent of the state.

An examination of the complaint discloses that the plaintiffs allege that the board of public utility commissioners and the state highway commission are municipal corporations. Not so. The complaint alleges that the acts which resulted

in damage to the property of the plaintiffs were committed by the Delaware, Lackawanna and Western Railroad Company, and that such acts were committed by the railroad compny "with the consent, permission, approval and order" of the other defendants, including the board of public utility commissioners and the state highway commission. Turning to the eighth count of the complaint, which is intended to allege the cause of action of the plaintiffs against the board of public utility commissioners, it will be observed that the liability of this defendant is alleged to rest upon an order made by this board on June 17th, 1931, by which the board confirmed and ordered the elimination of the grade crossing and agreed that the State of New Jersey should bear fifty per centum of the cost of the work so performed and of any damages to adjacent property resulting from such work. The order of the board of public utility commissioners of June 17th, 1931, to which reference is made in the eighth count, is not a part of the complaint, but a certified copy of this order was produced at the argument of these motions and it was understood by all counsel that the order should be considered in the determination of these motions in the same respect as if the order formed a part of the complaint. It therefore becomes apparent that the order made by the board of public utility commissioners on June 17th, 1931, represents the final determination of the public utility commissioners in a proceeding under the provisions of chapter 101 of the laws of 1930. The proceeding, therefore, under the provisions of this statute, related to the elimination of a railroad grade crossing in which a public highway other than a state highway and the tracks of a railroad cross each other at the same level. *Pamph. L.* 1930, *p.* 347. The highway was obviously, from the information gathered from the complaint and the order, not a state highway, and accordingly the allegation set forth in the ninth count of the complaint that the state highway commission, by virtue of these proceedings and by virtue of the statutes of this state, became obligated to pay fifty per centum of the cost of the work, including damage to adjacent property, constitutes the asser-

tion of a conclusion which is unsupported by the facts alleged in the complaint and is untenable in law.

It may be contended, however, in behalf of the plaintiffs that the complaint is sufficiently broad in its allegations to comprehend the charge that these two defendants participated in the commission of acts of trespass upon the property of the plaintiffs to the damage of the plaintiffs. The complaint conspicuously discloses that any alleged participation on the part of the public utility commissioners and the state highway commission in the elimination of this grade crossing was in the performance of a duty of a public character, and the counsel for the plaintiffs points to no legislation which, in modification of the well-settled rule, affords the plaintiffs a right of action in such circumstances.

However, the defendants board of public utility commissioners and state highway commission are undoubtedly state agencies. *Board of Tenement House Supervision* v. *Schlechter,* 83 *N. J. L.* 88; 83 *Atl. Rep.* 783; *Stephens* v. *Commissioners of Palisades Interstate Park,* 93 *N. J. L.* 500; 108 *Atl. Rep.* 645; *Nesbitt* v. *Board of Managers of New Jersey Agricultural Experiment Station,* 10 *N. J. Mis. R.* 19; 157 *Atl. Rep.* 551. In this situation, an action against these defendants is in substance and in effect an action against the State of New Jersey. It is an established principle of our law that the sovereign state cannot be sued in its own courts without its consent. The right to prosecute an action against the state must be founded upon permission and consent, and counsel for the plaintiffs in this action fails to indicate any statute which warrants the prosecution of this action. It is contended that the authority for this action is inferentially granted by the legislature as a result of the enactment of chapter 101 of the laws of 1930. This contention is in conflict with the equally well settled principle of law that no public right can be taken away or protection of sovereign rights surrendered by mere inference or legal construction. Moreover, it may be said to be a fundamental rule of construction that what is not clearly granted by the state is withheld. Accordingly, the statute to which reference is made

does not grant the requisite consent to owners of private property to maintain an action against these state agencies to recover special damages occasioned by the performance of public duties.

Accordingly, the motion made in behalf of the board of public utility commissioners to strike out the eighth count and the tenth count of the complaint, intended to allege a cause of action against this defendant, is granted and the motion made in behalf of the state highway commission to strike out the ninth count and tenth count as against this defendant is likewise granted.