BURLINGTON COUNTY CIRCUIT COURT.

IN THE MATTER OF THE CONDEMNATION AND TAKING OF LANDS AND EVERY INTEREST THEREIN OF GEORGE JOSEPH LAW BY THE STATE OF NEW JERSEY BY AND THROUGH THE DEPARTMENT OF CONSERVATION AND DEVELOPMENT.

Decided July 21, 1936.

For the petitioner, *Curry & Purnell.*

For the State of New Jersey, *David T. Wilentz,* attorney-general (*Sackett M. Dickinson,* assistant attorney-general).

JAYNE, C. C. J.   An examination of the record of this proceeding reveals that the State of New Jersey through the agency of the department of conservation and development sought to acquire by eminent domain certain lands owned by one George Joseph Law and situate in the county of Burlington in this state.   The appropriate procedure was pursued and the designated commissioners ultimately made an award of compensation to the owner for the lands thus acquired and for the incidental damages.   The owner has appealed from the award of the commissioners and now presents to this court a petition seeking the removal of the cause to the District Court of the United States for the District of New Jersey pursuant to the pertinent provisions of the federal statute. This application is resisted.   It is therefore proper to inspect the record of the cause to ascertain and determine whether the cause, as exhibited by the record, is removable.   *McCarter* v. *American Newspaper Guild,* 118 *N. J. Eq.* 102; 177 *Atl.*

*Rep.* 835; *George Weston, Ltd.,* v. *New York Central Railroad Co.,* 115 *N. J. L.* 564; 181 *Atl. Rep.* 18.

Concisely stated, the primary reason specified in the petition for the removal of this cause is that the petitioner is a citizen and resident of the Commonwealth of Pennsylvania and it is alleged that the department of conservation and development is a citizen of the State of New Jersey and that the members of the board of conservation and development are likewise citizens of New Jersey.

It will be at once observed that the initial petition in this condemnation proceeding was made by "the State of New Jersey acting by and through the department of conservation and development." While this court is not at liberty to embark upon any factual inquiry beyond the face of the record and the statements of fact embraced by the petition for removal must ordinarily be accepted as true, yet it will be noticed that a true copy of the original petition in the proceeding to condemn the lands has been attached to and made a part of the petition for the removal of this cause. Therefore the averment in the petition for removal to the effect that the initial petition to condemn the lands was filed by the certain named individuals who may then have been members of the board of conservation and development is positively refuted by the inspection of the original petition itself. Obviously this averment in the petition for removal is intended to be expressive of the contention of the petitioner. The contention that the individual members of the state board are parties to the condemnation proceeding is untenable. In the early case of *Osborn* v. *Bank of United States,* 9 *Wheat.* 738; 6 *L. Ed.* 204, it was held in construing the eleventh amendment to the federal constitution that in all cases where jurisdiction depended on the identity of the party, the real party was considered to be the party named in the record. In the more recent case, *In re Ayers,* 123 *U. S.* 443; 31 *L. Ed.* 216; 8 *Sup. Ct. Rep.* 164, it was determined that the amendment covers not only suits against a state by name, but those also against its officers, agents and representatives where the state, though not named as such, is nevertheless the only real party

against which in fact the relief is asked and against which the judgment effectively operates. The eleventh amendment, of course, refers only to suits brought against a state but the same principle of construction has been applied to the federal statutes relating to the removal of causes from a state court to a federal jurisdiction. *Missouri* v. *Hickman*, 183 *U. S.* 53; 22 *Sup. Ct. Rep.* 18; 46 *L. Ed.* 78.

Here, however, the State of New Jersey is not only the nominal but the real party interested in the acquisition of the lands. The proceeding to acquire the lands was instituted under statutory authority. *Pamph. L.* 1905, *p.* 77; 2 *Comp. Stat., p.* 2606, § 2; *Pamph. L.* 1913, *ch.* 187, *p.* 340; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1446, § 82-2; *Pamph. L.* 1915, *p.* 426; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 621, § ***42-1. The department of conservation and development is a state agency. *Board of Tenement House Supervision* v. *Schlechter*, 83 *N. J. L.* 88; 83 *Atl. Rep.* 783; *Stephens* v. *Commissioners of Palisades Interstate Park*, 93 *N. J. L.* 500; 108 *Atl. Rep.* 645; *Manufacturers, &c.,* v. *Board of Commerce and Navigation et al.*, 98 *N. J. L.* 638; 121 *Atl. Rep.* 337; *affirmed*, 101 *N. J. L.* 224; 127 *Atl. Rep.* 924; *Kearny* v. *State Board of Taxes, &c.*, 103 *N. J. L.* 541; 138 *Atl. Rep.* 569; *Nesbitt* v. *Board of Managers of New Jersey Agricultural Experiment Station*, 10 *N. J. Mis. R.* 19; 157 *Atl. Rep.* 551; *DeSantis* v. *Delaware, Lackawanna and Western Railroad Co.*, 11 *N. J. Mis. R.* 22; 165 *Atl. Rep.* 119.

At the argument some doubt was expressed as to whether a proceeding to condemn lands was a suit or action comprehended by the Federal Removal acts. If the other essential requisites, such as the diversity of citizenship and the amount in controversy, exist, a proceeding for the condemnation of land pending in a state court may undoubtedly be removed to the federal court. *Mississippi, &c., River Boom Co.* v. *Patterson*, 98 *U. S.* 403; 25 *L. Ed.* 206; *Searl* v. *School District*, 124 *U. S.* 197; 8 *Sup. Ct. Rep.* 460; 31 *L. Ed.* 415; *Madisonville Traction Co.* v. *St. Bernard Min. Co.*, 196 *U. S.* 239; 25 *Sup. Ct. Rep.* 251; 49 *L. Ed.* 462; *New York* v. *Sage*, 239 *U. S.* 57; 36 *Sup. Ct. Rep.* 25; 60 *L. Ed.* 143.

Whether under the procedure prescribed by our Eminent Domain act of 1900 (2 *Comp. Stat., pp.* 2182 *et seq.*) the proceeding assumes the character of a civil action from its inception or not until the appeal carries it to the Circuit Court, need not be here definitely determined. Where diversity of citizenship is assigned as the sole ground for the removal of such a cause, the time within which the petition for removal should be filed might occasion debate. But, see, *In Pacific R. Removal Cases,* 115 *U. S.* 1; 5 *Sup. Ct. Rep.* 1113; 29 *L. Ed.* 319; *Upshur County* v. *Rich,* 135 *U. S.* 467; 10 *Sup. Ct. Rep.* 651; 34 *L. Ed.* 196; *Madisonville Traction Co.* v. *St. Bernard Min. Co., supra; New York* v. *Sage, supra; Minneapolis, &c., Railroad Co.* v. *Nestor,* 50 *Fed. Rep.* 1; *Kansas City* v. *Metropolitan Water Co.,* 164 *Id.* 728; *Kaw Valley Drainage District* v. *Metropolitan Water Co.,* 186 *Id.* 315; *In re Seattle,* 237 *Id.* 100.

In resisting this application it was argued that the Federal District Court could not assume jurisdiction of this cause by reason of the eleventh amendment to the federal constitution. This amendment relates to the commencement and prosecution of suits against the state. This petitioner did not institute the pending condemnation proceeding. It may be surmised from a reading of his petition that he prefers to have the proceeding discontinued and to retain his lands. This cause was commenced by the State of New Jersey. The present petitioner who was the owner of the lands enters the proceeding to assert his constitutional right to just compensation for his lands. *Cohens* v. *Virginia,* 6 *Wheat.* 262, 402.

The original jurisdiction of the District Courts is derived from article III, section II, clause I of the federal constitution (*U. S. C. A., Constitution Part* 2, *pp.* 284, 605) and from section 24 (1) of the judicial code enacted in pursuance of the constitutional power. The constitution provides that the judicial power shall extend, *inter alia,* to controversies between citizens of different states and the federal statute clothes the District Courts with jurisdiction of all suits of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interests and costs, the

sum or value of $3,000 and, *inter alia,* are between citizens of different states.

As previously indicated the State of New Jersey is the nominal and real party interested in the prosecution of the present condemnation proceeding to acquire the lands of the present petitioner. The proceeding is governed by our state statute. The parties interested in this issue are the State of New Jersey and the petitioner who is the owner of the lands. The proceeding or action is obviously not one between citizens of different states. A state cannot be considered a citizen of any state. *Stone* v. *South Carolina,* 117 *U. S.* 430; 6 *Sup. Ct. Rep.* 799; 29 *L. Ed.* 962; *Upshur County* v. *Rich, supra; Postal Telegraph Cable Co.* v. *Alabama,* 155 *U. S.* 482; 15 *Sup. Ct. Rep.* 192; 39 *L. Ed.* 231; *Missouri, &c., Railroad Co.* v. *Hickman, supra; Arkansas* v. *Kansas, &c., Coal Co.,* 183 *U. S.* 185; 22 *Sup. Ct. Rep.* 47; 46 *L. Ed.* 144; *Title Guarantee, &c., Co.* v. *Idaho,* 240 *U. S.* 136; 36 *Sup. Ct. Rep.* 345; 60 *L. Ed.* 566; *In re Silvies River,* 199 *Fed. Rep.* 495; *Chicago, R. I. and P. Railway Co.* v. *State of Nebraska,* 251 *Id.* 279. It is therefore well settled that a suit between a state and a citizen of another state is not an action between citizens of different states and the present cause is therefore not removable upon the ground of the diversity of citizenship of the parties.

The petition for removal does embody certain general allegations that the petitioner has been denied just compensation and also that the rights of the petitioner, because of his residence in the State of Pennsylvania, would be injuriously affected by the local prejudice of jurors impaneled in Burlington county, New Jersey. It is elementary, however, that the petition for the removal of a cause must allege facts and not mere conclusions. No suit can be removed by a defendant from the state court as a suit arising under the constitution of the United States unless the fact that it so arises is made apparent. *Metcalf* v. *Watertown,* 128 *U. S.* 586, 589; *Arkansas* v. *Kansas, &c., Coal Co., supra.* This court is not obliged to surrender its jurisdiction unless the pleadings and the record disclose the essential factual prerequisites which entitle

the petitioner to remove the cause and which consequently deprive this court of its jurisdiction. *George Weston, Ltd.,* v. *New York Central Railroad Co., supra.*

The factual circumstances apparent on the face of the record are insufficient to induce this court to surrender its jurisdiction over this pending cause.

The petition is accordingly denied.