This is a suit to quiet the title of a tract of 45 acres of land in the Township of Montague, Sussex County. The Park Commission moves to dismiss, for the reason that it is a state agency that cannot be sued without the consent of the state and that such consent has not been given. The Commission was created by P.L. 1923, p. 70, and is continued by R.S. 13:5-1, c. Its function is to develop and maintain High Point Park for public use and enjoyment. Funds are provided by the annual appropriation bills. The Commission is undoubtedly an agency of the state.
The pertinent law may be found in American Dock andImprovement Co. v. Trustees, c., Public Schools, 35 N.J. Eq. 181,
and Strobel Steel Construction Co. v. State HighwayCommission, 120 N.J. Law 298. The state cannot be sued without its consent. A suit brought against a state agency is, in fact, a suit against the state, if the judgment will operate to control the action of the state, or subject it to liability. Also an action to adjudicate the title of property claimed by an agency of the state in behalf of the public, is a suit against the state. A suit to quiet title cannot be maintained without consent of the state. Pauchogue Land Corp. v. Long Island State ParkCommission (N.Y.), 152 N.E. Rep. 451. Statutes permitting suits against the state being in derogation of sovereignty must be strictly construed.
Our statute, R.S. 13:5-2, enacts that the Board of Commissioners of High Point Park and its successors shall be a body politic with power to sue and be sued. The defendant argues that these words only confer a power on the Commissioners and mean that the Commissioners may be sued in those cases in which the legislature, by some other enactment, consents *Page 251 
that the defendant be sued. I do not so construe them. The section constitutes a consent by the legislature to suit against the Commission. In the Strobel Case cited above, it is clear that the court was of the opinion that the words "with power to sue and be sued" have this result. To the same effect are Ward
v. Kansas, c., College, 70 C.C.A. 512; 138 Fed. Rep. 372;Packard Co. v. Palisades Interstate Park, 240 Fed. Rep. 543;Utah Const. Co. v. Highway Commission, 16 Fed. Rep. 2d322; Board of Trustees v. Bruner (Ill.),51 N.E. Rep. 687, and Butterfield v. Accident Commission (Or.),223 Pac. Rep. 941; 226 Pac. Rep. 216. The defendant relies onStephens v. Commissioners of Palisades Interstate Park,93 N.J. Law 500. But there, the judgment for defendant went on the ground that no cause of action in favor of an individual arose from the negligence of a public agency in the discharge of a public duty. Though the statute creating the public agency, which was the defendant in that suit, expressly authorized suit against the agency, the court held that this did not create a liability in favor of the plaintiff.
 The motion to dismiss will be denied. *Page 252