80 N.J. Super. 372 (1963)
193 A.2d 857
EUGENE M. WALL, GUARDIAN AD LITEM OF DANIEL WALL, AN INFANT, AND EUGENE M. WALL, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
THE HUDSON COUNTY PARK COMMISSION, A BODY POLITIC, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1963.
Decided September 17, 1963.
*374 Before Judges SULLIVAN, LEWIS and LABRECQUE.
Mr. Robert E. Tarleton argued the cause for appellant (Messrs. Beggans & Keale, attorneys; Mr. James P. Beggans, of counsel; Mr. Tarleton, on the brief).
Mr. John J. Bracken argued the cause for respondents (Messrs. Bracken & Walsh, attorneys; Mr. Bracken, of counsel).
LABRECQUE, J.S.C. (temporarily assigned).
This court granted leave to appeal from an order of the Law Division denying the motion of defendant Hudson County Park Commission for summary judgment. The question involved is whether R.S. 40:9-2 affords immunity to defendant commission for injuries sustained by the infant plaintiff from a fire which had been ignited on defendant's property by one of its employees for the purpose of burning refuse thereon.
The provisions of R.S. 40:9-2 are as follows:
"No municipality or county shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."
For the purpose of the motion for summary judgment the trial court was required to consider all well pleaded facts as true. DeMarco v. Estlow, 18 N.J. Super. 30 (Ch. Div. 1952), affirmed 21 N.J. Super. 356 (App. Div. 1952). From *375 the complaint and pretrial order we glean that on April 29, 1960 the infant plaintiff, Daniel Wall, aged five, was playing in Mercer Park, a public park 6.4 acres in area operated and controlled by defendant Hudson County Park Commission. He resided with his parents in the adjacent Currie Woods Housing Project. On the day in question one of defendant's employees had started a fire for the purpose of disposing of some burnable waste and had thereafter departed, leaving the same unguarded. Daniel came upon the location of the fire and while playing suffered burns which resulted in the amputation of one of his legs. The present suit seeks damages for his injuries. His father joins for expenses and loss of services.
The single issue presented is whether, as defendant asserts, R.S. 40:9-2 exempts a county park commission from liability for injury to the person arising from the use of public grounds under its jurisdiction. If it does, it is contended that the Law Division had no alternative but to grant defendant's motion to dismiss the action, regardless of whether the injury resulted from mere negligence or from active wrongdoing. On behalf of plaintiffs it is urged that the statute does not cover operations of a park commission established under the County Park Act, originally L. 1895, c. 91, now R.S. 40:37-96 et seq. It is also contended that the statute is inapplicable since the action arose out of the performance of a proprietary rather than a governmental function. Additionally, the injuries are said not to have resulted from the use of any public grounds, a requirement of the statute in question. See Estelle v. Board of Education of Red Bank, 26 N.J. Super. 9, 19 (App. Div. 1953); Schwartz v. Stockton, 32 N.J. 141, 153 (1960).
As originally enacted, the statute in question had also included school districts. In 1937 the present form was adopted and the liability of school districts was made the subject of a separate enactment. R.S. 18:5-30. The effect of the statute upon our case law has been comprehensively dealt with by our Supreme Court in Schwartz v. Stockton, supra, and by *376 this court in Weeks v. Newark, 62 N.J. Super. 166 (App. Div. 1960), affirmed per curiam 34 N.J. 250 (1961). Substantially, it has been held that the statute bars liability if the grounds, buildings or structures from the use of which the injury resulted are devoted to a governmental as distinguished from a proprietary function or activity, and this regardless of the presence or absence of active wrongdoing. No reported case appears to have passed upon the question of the applicability of the statute to park commissions established under the County Park Act.
In the absence of the statutory exemption provided by R.S. 40:9-2, a county or municipality may be held liable in damages for negligence in the performance of a proprietary function and for active wrongdoing or positive misfeasance in the performance of a governmental function. Martin v. Asbury Park, 111 N.J.L. 364 (E. & A. 1933); Olesiewicz v. Camden, 100 N.J.L. 336 (E. & A. 1924); Allas v. Rumson, 115 N.J.L. 593 (E. & A. 1935); Milstrey v. Hackensack, 6 N.J. 400 (1951); Hartman v. Brigantine, 23 N.J. 530 (1957); Becker v. Newark, 72 N.J. Super. 355 (App. Div. 1962); Hammond v. County of Monmouth, 117 N.J.L. 11 (Sup. Ct. 1936); Selph v. Morristown, 16 N.J. Misc. 19 (Sup. Ct. 1938); 2 Harper & James, The Law of Torts, §§ 29.6 and 29.7 (1956).
The statute in question involves an explicit declaration of public policy. It follows that in determining whether defendant's liability was encompassed within the exemption which it affords, our duty is to give effect to the statutory command to the full extent of the intent of the lawmakers as we ascertain it. Schwartz v. Stockton, supra, 32 N.J., at p. 148.
We are satisfied that the exemption afforded by the statute in question was not intended to extend, and did not extend, to the activities of defendant.
Defendant was admittedly functioning under the provisions of the County Park Act, R.S. 40:37-96 et seq. By the terms of that statute, the park commission of any county whose *377 voters had elected to be governed by its provisions was constituted a body politic, with power to sue and be sued, to use a common seal and to enact bylaws. R.S. 40:37-99. It was authorized to acquire real estate in its corporate name, in fee or otherwise, by purchase, gift, devise or eminent domain. R.S. 40:37-101. It was authorized to lay out and improve suitable roadways and boulevards, R.S. 40:37-104 to 40:37-107 inc.; to condemn lands therefor, N.J.S.A. 40:37-109; to levy assessments for special benefits which were to remain a lien upon the properties affected, R.S. 40:37-119; to sell lands for unpaid assessments, R.S. 40:37-120; to deliver certificates of sale for such lands, R.S. 40:37-123; and to permit redemption thereof, R.S. 40:37-124. It was also vested with the power to make rules and regulations for the use of the parks under its control and to fix penalties for violations thereof, R.S. 40:37-152; and was authorized to establish and maintain a park police system to preserve order in the parks under its control and to secure enforcement of its rules and regulations, R.S. 40:37-154 et seq. Thus, while funds for its operation were derived from the county, R.S. 40:37-14, N.J.S.A. 40:37-15.1 (now repealed), N.J.S.A. 40:37-101.1, such a commission was constituted an autonomous body which could "sue and be sued," with complete power to govern and control the establishment, operation, maintenance and use of public parks within its jurisdiction, R.S. 40:37-99, R.S. 40:37-101, R.S. 40:37-152; see Hill v. Borough of Collingswood, 9 N.J. 369, 375 (1952), cf. Broadway National Bank of Bayonne v. Parking Authority of Bayonne, 40 N.J. 227, 233 (1963). The members of the commission at the time of the accident were serving by appointment of the assignment judge of the county. N.J.S.A. 40:37-97.
It is to be assumed that at the time of the original enactment of R.S. 40:9-2 the Legislature had knowledge of the powers thus conferred upon commissions established under the County Park Act. Lanning v. Hudson Cty. Ct. of Common Pleas, 127 N.J.L. 10 (Sup. Ct. 1941). It could *378 readily have included the activities of such commissions within the statutory exemption. See N.J.S.A. 40:37-10.2 providing for exemption from liability for death, personal injuries or property damage of county shade tree commissions and members thereof. Its use of the word "county" is not without significance. By chapter 185 of the Laws of 1918, now R.S. 40:18-1 et seq., the Legislature had occasion to give corporate form to counties of the State. Under R.S. 40:18-1 the inhabitants of each of the several counties of the State were constituted a body politic and corporate under the title of "County of ____." Each county was given the power to have perpetual succession, to sue and be sued, and to purchase and acquire realty and personalty for the use and benefit of the inhabitants thereof. R.S. 40:18-3. Each county was vested with title to all property held at the time by the county or by its board of chosen freeholders. R.S. 40:18-2. The latter body was generally vested with the management, control and governing power over the property, finances and affairs of each county. R.S. 40:20-1. Thus the county would be the governmental unit which (absent a controlling immunity) would be answerable for injuries sustained on public grounds, buildings or structures under county control. We note that the statute in question did not vest counties with title to properties held by county park commissions, nor was the board of chosen freeholders vested with control over such properties. It follows that for torts committed by its employees or agents on premises under its control, the county park commission rather than the county was responsible.
Can it be said that the Legislature, charged with knowledge of its own enactments, Eckert v. N.J. State Highway Dept., 1 N.J. 474, 479 (1949); Lanning v. Hudson Cty. Ct. of Common Pleas, supra, intended to include within the term "county," as used in R.S. 40:9-2, both counties and county park commissions, each of which it had established as a separate body politic, with the power to sue and be sued? Our answer is in the negative. Had it intended to do so, it would *379 have clearly so stated, especially where, as here, it was promulgating an "explicit legislative declaration of public policy." Schwartz v. Stockton, supra, 32 N.J., at p. 148.
The conclusions thus reached find support in decisions of our highest courts dealing with somewhat analogous situations. Thus in Karp v. High Point Park Commission, 131 N.J. Eq. 249 (Ch. 1942), affirmed o.b. 132 N.J. Eq. 351 (E. & A. 1942), the court held that, notwithstanding the State's immunity from suit without its consent, the designation of the High Point Park Commission, an agency of the State which would otherwise share in its immunity, as a "body politic, with power to sue and be sued, use a common seal and adopt by-laws to regulate its proceedings" (R.S. 13:5-2), rendered it amenable to suit in an action to quiet title. As is readily observable, the quoted provision is substantially identical with that in R.S. 40:37-99, supra.
In arriving at its determination in Karp, the court was called upon to distinguish Stephens v. Comm'rs of Palisades Interstate Park, 93 N.J.L. 500 (E. & A. 1919), in which it had been held that a statute containing similar words did not evidence a legislative intention to subject a state park commission to a suit for its torts. In so doing it held:
"* * * there, the judgment for defendant went on the ground that no cause of action in favor of an individual arose from the negligence of a public agency in the discharge of a public duty. Though the statute creating the public agency, which was the defendant in the suit, expressly authorized suit against the agency, the court held that this did not create a liability in favor of the plaintiff." (131 N.J. Eq., at p. 251; emphasis added)
In Taylor v. N.J. Highway Authority, 22 N.J. 454 (1956), the New Jersey Highway Authority was held amenable to suit for personal injuries tortiously sustained. In so doing, the court approved the doctrine enunciated in Karp and again distinguished Stephens as involving a claim for the negligent maintenance of a public highway in disregard of a public duty. Compare, however, Sayreville v. *380 N.J. Highway Authority, 67 N.J. Super. 271 (Law Div. 1961).
We find no merit to defendant's contention that it was an "agent" of the county and therefore shared in the statutory exemption. The cases cited in support consider the relationship between county park commissions and counties for purposes other than the effect of R.S. 40:9-2, and are therefore irrelevant to the present appeal. See Stringfield v. Hackensack, 68 N.J. Super. 38, 41 (App. Div. 1961).
For the reasons stated, the denial by the trial court of defendant's motion for summary judgment is affirmed. It thus becomes unnecessary to consider the additional grounds urged by plaintiff.