## TITLE GUARANTY AND SURETY COMPANY *v.* STATE OF IDAHO FOR THE USE OF ALLEN.

### ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 815. Motion to dismiss or affirm submitted January 24, 1916.—Decided February 21, 1916.

Where the State, suing on behalf of depositors of a bank, is an actual party plaintiff, the case cannot be removed to the Federal court. *Missouri &c. Ry.* v. *Commissioners,* 183 U. S. 53.

Where a State, suing on behalf of depositors of a bank, is merely a nominal party, the case cannot be removed if none of the distinct judgments to be rendered in favor of any individual is large enough to confer jurisdiction: the amounts cannot be aggregated for that purpose. *Rogers* v. *Hennepin County,* 239 U. S. 621.

The due process provision of the Fourteenth Amendment does not prevent a State from placing upon a bank commissioner the duty of closing a bank found upon examination to be insolvent without first instituting proceedings and obtaining an award.

THE facts, which involve the right of removal of a cause from the state court to the Federal court on grounds of diversity of citizenship and of amount in controversy and the constitutionality under the due process provision of the Fourteenth Amendment of certain provisions of the Idaho Banking Law, are stated in the opinion.

*Mr. Joseph H. Peterson,* Attorney General of the State of Idaho, *Mr. Paris Martin* and *Mr. William E. Cameron* in support of the motion to dismiss or affirm.

*Mr. John F. Nugent, Mr. Samuel H. Hays* and *Mr. P. B. Carter* for plaintiff in error in opposition to the motion:

The action is brought by the State of Idaho for the use and benefit of some two hundred and eighteen persons who were depositors in the Boise State Bank and while no individual item is in excess of $3,000 the total amount is $30,000.

The judgment, therefore, is a judgment in favor of the State for the use and benefit of certain individuals in the aggregate amounting to over $30,000, and while no individual item is in excess of $3,000, the total amount is over $30,000.

Under § 4092, Idaho Rev. Codes, the State is the trustee of an express trust under this bond and may therefore properly sue without joining the persons for whose benefit the action is prosecuted. For this reason the State brings a single action for the entire amount and not upon the ground of convenience or economy. See *Troy Bank* v. *Whitehead*, 222 U. S. 39.

There is no case exactly like the one at bar. The bond was the common security of all of the persons for whose benefit the action was brought.

There was only one breach of the bond and there was only one default or neglect of duty.

The claims sued on were not united for convenience and economy in the sense in which that phrase is used in the decisions of this court, but were united entirely on the ground that the State was the proper plaintiff in the suit under the specific statute which made the presence of the beneficiaries unnecessary.

The State is seeking to recover the entire fund deposited. The aggregate amount, therefore, is to be taken in ascertaining the amount in controversy. *Handley* v. *Stut*, 137 U. S. 366. See also, *Balt. & Ohio R. R.* v. *United States*, 220 U. S. 94; *Kaus* v. *Am. Surety Co.*, 199 Fed. Rep. 972; *Spokane Co.* v. *Kootenai Co.*, 199 Fed. Rep. 481; *Jones* v. *Mutual Fidelity Co.*, 123 Fed. Rep. 506.

The plaintiff is the State of Idaho, but is only a nominal party; therefore, the question of citizenship is that of the real parties in interest, and as they are citizens of Idaho, and as the defendants are citizens of other States jurisdiction exists. *New Orleans* v. *Whitney*, 138 U. S. 595; *Mex. Cent. Ry.* v. *Eckman*, 187 U. S. 429.

The judgment cannot be divided up into parts to defeat jurisdiction on the question of the amount in controversy.

No objection to the verification of the petition for removal was made at the time of the trial, and the order denying the petition was made on the merits. The verification was sufficient. *Cropsey* v. *Sun P. & P. Ass'n*, 215 Fed. Rep. 132; *Murray* v. *South. Bell Tel. Co.*, 210 Fed. Rep. 925; *Porter* v. *Nor. Pac. Ry. Co.*, 161 Fed. Rep. 773.

The constitutional question, to-wit, § 73 of the Idaho Banking Act was unconstitutional in that it did not provide for due process of law, was urged and decided adversely to the plaintiff in error.

Section 73 does not provide for any notice to the bank or any judicial proceedings whatever in determining the insolvency of the bank, or whether or not it had paid its depositors in the ordinary course of business, and in that respect is unconstitutional as denying due process of law in providing for a hearing. *C., M. & St. P. R. R.* v. *Minnesota*, 134 U. S. 418.

A state bank is in a different position from a National bank. The National banks are instrumentalities of the Federal Government created for a public purpose and as such necessarily subject to the paramount authority of the United States. They are in a sense a part of the treasury department. State banks occupy no such relation to state affairs. There is no arbitrary right of a bank commissioner to close state banks nor is there any statute in Idaho similar to the Federal Act.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The case is before us on a motion to dismiss or affirm. The action of the court below which it is sought to review affirmed a judgment of the trial court entered on the verdict of a jury in a suit brought by the State for the use and benefit of Q. W. Allen and two hundred and eighteen other named depositors of the Boise State Bank against Platt, a state bank commissioner, and the surety on his bond, for losses alleged to have been suffered by each of the individuals named as the result of alleged neglect of official duty imposed by the state law upon the bank commissioner. The wrong relied upon was his alleged misconduct in not closing the doors of the bank and permitting it to continue business after he had discovered, as the result of an official examination, that the bank was hopelessly insolvent. The bill as a first cause of action fully set out the facts and stated the legal grounds relied upon to establish the loss and right of O. W. Allen to recover, and separate causes of action were then stated in favor of each of the two hundred and eighteen other depositors. There was an application to remove the case to the District Court of the United States on the grounds of diverse citizenship, the depositors named being citizens of Idaho and Platt the bank commissioner, being then a resident of California and the Surety Company of Pennsylvania, which application was denied. After issue joined there was a trial before a jury and a verdict in favor of the plaintiff, the State, and against the defendants "on each and every cause of action set forth in the complaint herein, to and for the use and benefit of each of the parties named in each of the separate causes of action set forth in plaintiff's complaint." And it was conformably adjudged "that the said plaintiff do have and recover of and from the said defendants  .  .  .  for the

use and benefit of each of the following-named parties, the sums set opposite their respective names, to wit," etc. No one of the amounts thus awarded to the plaintiff for the use of any one of the named persons equalled three thousand dollars, but the sum of all the claims equalled thirty thousand dollars. In affirming the judgment the court below held that the relief prayed was authorized by the state statutes and that they also conferred authority upon the State to bring the suit as an express trustee for the use and benefit of the respective parties.

The Federal questions relied upon are first, the alleged wrongful denial of the right to remove, and second, an asserted error committed by the court below in refusing to sustain a claim under the due process clause of the Fourteenth Amendment.

The first is plainly without merit. Treating the State as the party plaintiff, it is not open to question that there was no right to remove. *Stone* v. *South Carolina*, 117 U. S. 430; *Missouri &c. Ry.* v. *Missouri R. R. Commissioners*, 183 U. S. 53, 58. And if we were to accede to the contention made in argument that the State must be treated as merely a nominal party and the right to remove be then determined by the citizenship of the individuals for whose benefit recovery was allowed, it would yet follow, since none of the distinct judgments in favor of any of the individuals are large enough to confer jurisdiction, that the court below correctly held that there was no basis for the right to remove. *Woodside* v. *Beckham*, 216 U. S. 117; *Troy Bank* v. *Whitehead*, 222 U. S. 39; *Rogers* v. *Hennepin County*, 239 U. S. 621. In fact the correctness of these conclusions is made clear by the arguments advanced to the contrary, since they serve only to confuse and are destructive of each other. Thus, on the one hand, for the purpose of establishing the existence of diversity of citizenship justifying the removal it is urged that the State must be treated as merely a nominal party having

no interest and as in no wise concerned in the judgment, and then upon the hypothesis that the State is eliminated, in order to establish a jurisdictional amount sufficient to remove, the award of distinct and separate amounts made by the judgment in favor of each of the distinct plaintiffs is wholly ignored and it is urged that there is but one judgment which is in favor of the State and which is composed of the aggregate of the distinct amounts.

Second. The proposition under the Fourteenth Amendment relied upon is that consistently with that Amendment the State had not the power to put upon the bank commissioner the duty of closing the bank in case on examination it was found to be insolvent, since such authority consistently with due process could only have been exerted after judicial proceedings to ascertain the facts and the awarding of relief accordingly. The pleadings leave it exceedingly doubtful whether the question thus urged was presented in either of the courts below, and it is besides obvious from the opinion of the court below that it considered that the only question raised under the Constitution of the United States was a contention that there would result a want of due process if the state statutes conferred upon an administrative officer the authority to liquidate the affairs of the insolvent bank without judicial proceedings. We say this because in its opinion the court observed that if that was the contention, it was irrelevant, as the statutes did not authorize liquidation except as a result of judicial proceedings, although they did impose upon the bank commissioner the duty, after he found a bank to be insolvent, to close its doors and prevent the further transaction of business until, in the orderly course of procedure, a judicial liquidation might be accomplished. But assuming, as it is now insisted in argument was the case, that the question relied upon was the repugnancy of the state statute to the due process clause of the Fourteenth Amendment because

power was conferred upon an administrative officer in the event of insolvency to close the doors of a bank without awaiting judicial proceedings, and that the observation on that subject by the court below was an adverse decision of such question, we think it suffices to state the proposition to demonstrate its want of merit. *Noble State Bank* v. *Haskell*, 219 U. S. 104; *Shallenberger* v. *First State Bank*, 219 U. S. 114.

*Dismissed for want of jurisdiction.*