EBERHARD et al. v. NORTHWESTERN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1917.)

No. 2956.

1. INSURANCE ⚖173—LIFE INSURANCE—POLICIES.

The rights of holders of life policies, which contained tontine features, are measured by the contract of each policy holder with the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 358.]

2. COURTS ⚖328(4)—FEDERAL COURTS—JURISDICTION.

A life insurance company issued policies containing tontine features, but the rights of each policy holder depended upon his contract with the company. Several policy holders, claiming that the company had diverted funds applicable to the payment of their claims, joined in a bill asserting that, as the fund involved millions, the court had jurisdiction of the bill. *Held* that, as the claims of several policy holders were not derived from the same or common title, their several demands could not be aggregated for the purpose of giving the federal District Court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 891.]

3. COURTS ⚖328(4)—FEDERAL COURTS—JURISDICTION—"CLASS ACTION."

In such case, though the suit be treated as a "class action," the claims of the several policy holders cannot be aggregated, for the purpose of giving the federal court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 891.]

4. COURTS ⚖329—JURISDICTION—PLEADING—CONSTRUCTION.

Where complainants, who held policies issued by defendant which contained tontine features, joined in a bill asserting that defendant had misapplied funds applicable to the payment of such policies, but, having been given an opportunity to state by amendment the amount of their claims, failed to do so, alleging generally that millions were involved, the Federal District Court is warranted, upon determining the question of the jurisdictional amount, in assuming that the claims of each of the policy holders was less than such amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by Charles W. Eberhard and others against the Northwestern Mutual Life Insurance Company. From a judgment dismissing the bill, complainants appeal. Affirmed.

See, also, 210 Fed. 520.

H. J. Turney, of Cleveland, Ohio, for appellants.

W. C. Boyle, of Cleveland, Ohio, for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and HOLLISTER, District Judge.

HOLLISTER, District Judge. This case was here before (No. 2624) on appeal by complainants in the District Court (appellants also in this appeal) from an order of that court sustaining a demurrer to their bill. What took place at the hearing of the appeal is shown by the mandate of this court of July 3, 1915, which recites:

"And counsel for appellants here and plaintiffs below having in oral argument admitted, and rightly, that the bill is too broad in averments and in scope of relief sought, insisting, however, that plaintiffs were entitled to some, without defining what, portion of the relief prayed—therefore, in order to afford plaintiffs opportunity to state such case as they shall be advised is open to them, and without intimating whether a case can in any form (and whether or not of representative character) be maintained in the court below for any of the objects stated in the bill, it is ordered that the decree below be and it is reversed, without costs; and, in accordance with the practice in situations similar to that of the plaintiffs (Wiggins Ferry Company v. Railway, 142 U. S. 396, 413–415 [12 Sup. Ct. 188, 35 L. Ed. 1055]; 3 Foster, Fed. Pr. 2136), the case is remanded with direction to permit plaintiffs to amend the bill—provided, the amount involved in the case be specifically alleged and appear to be sufficient for jurisdictional purposes."

Thereupon, complainants having obtained leave in the District Court, filed an amended bill, differing from the original in no essential respect, and practically a copy of it, excepting the omission of the several prayers for injunction. The bill and the amended bill show: Complainants, three in number, several others intervening, are each the holder of a semi-tontine insurance contract or policy for the sum of $3,000, all of the policies having been issued at different dates by the Northwestern Mutual Life Insurance Company, a corporation of Wisconsin; under the plan of insurance, a policy-holder surviving its term and having paid all premiums is entitled to share in a fund created by the excess premiums paid over the cost of insurance and by the amounts paid in by policy holders who do not survive the terms of their respective policies, or who forfeit their policies or right of participation in the fund by nonpayment of premium.

The bill and amended bill, filed in behalf of complainants and of all others similarly situated, charged that the fund, amounting to millions, was held in trust by the company for all holders of similar policies, and that, in various ways alleged, the fund had been diverted by the company and its officers to purposes inconsistent with the tontine policy holders' rights.

The prayer in both was for the intervention of equity, because of no adequate remedy at law; for an accounting; for a receiver of the fund, if it be found the trust should be terminated; and the original

bill prayed also for injunction against certain acts not now important for consideration.

Defendant moved to dismiss the amended bill on several grounds going to the merits of the case, as well as because of want of capacity in complainants to maintain the suit, and because the amended bill did not show that the sum sought to be recovered was sufficient to confer jurisdiction on the District Court. We are concerned now only with the ground last named; for, if the amount in controversy is insufficient to confer jurisdiction, it would be useless to express an opinion upon any other question in the case, whatever our views might be.

The mandate on the first appeal gave permission to complaniants to amend their bill, and required them to specifically allege the amount involved. The amended bill did not set forth the amount claimed by each of the complainants, but alleged, as did the original bill, that the amount involved was a trust fund amounting to a certain number of millions of dollars.

We are warranted in believing that counsel for complainants did not specifically set out the amount claimed by each of them, for the reason that, if he had set out the amount each of complainants, as well as each intervener, claimed the right to recover, it would appear that the claim of each was a sum less than sufficient to confer jurisdiction, and that, if the aggregate of the claims so shown would be an amount more than sufficient, he would nevertheless be confronted with well-established rules which forbid the aggregation of separate claims in such a case as this for the purpose of stating a sum in controversy sufficient for jurisdiction. But whatever his reasons were for not obeying the mandate, and assuming the fund to be a trust fund, and that complainants could bring an action for themselves and for all others similarly interested, still the conclusion does not follow that the separate, distinct claims of each policy-holder can be added together for the purpose of making a sufficient amount.

The fact, if it be a fact, that this fund is a trust fund held by the insurance company for the benefit of these policy-holders, and that each has an interest in it, is not the test of right to make a jurisdictional case by aggregation of claims.

[1, 2] It cannot be doubted that such rights as each policy holder has depend upon his contract with the insurance company and are measured by its terms. The policy is an agreement to pay its holder a computable sum of money upon certain conditions.[1] His interest does not depend upon, and is not related to, the interest of any other policy holder similarily situated. True, there is some relation between the total number of qualified policy-holders and the amount each will receive, but this mutual relationship is remote from that common interest which requires the claims of all to be jointly litigated, in order to ascertain the particular sum to which any one is entitled. The rights of policy-holders are not derived from the same, or a common, title. The right each has in the fund is based upon the separate, distinct contract each has with the company with respect thereto. The sole matter in dispute is between the defendant and each complainant as to the

[1] Ellison v. Straw, 119 Wis. 502, 506, 97 N. W. 168.

am,ount the latter shall recover. Each policy-holder has no demand upon any other; his demand is against the defendant alone, and what he may receive from the defendant can in no way affect the claims of others.[2] The policy-holders' claims to the fund are several, and not joint, and the amount payable to each depends upon his contract alone. Under these circumstances the separate claims cannot be aggregated, for the purpose of making a case within the jurisdiction. The test to be applied will be found in a number of cases.[3]

[3] But it is said that this is a class action. This phrase is commonly used to describe actions where several of a class are allowed to join, as well as in its closer sense of reference to cases where they have the right to represent all. Assuming that such a case as this may be called a class action, and assuming further that it could be maintained as such, if that question were now involved, and passing the consideration that these complainants each represents a different class, since the policy of each matures at a time different from the others, yet that it may be properly a class action does not affect the rule against aggregation, because the rule is necessarily only applicable to those class actions in which several claimants to a fund are joined as plaintiffs asserting common and undivided rights therein.

With respect to the rule and to class actions, members of this court have said:[4]

"The principle upon which such an aggregation can be employed as a test of jurisdiction is that the persons joining in the suit must have a common and undivided interest, not distinct interests, in the amount involved; still, this is not to say that, if the property involved is in truth separately owned and held, the parties may not constitute a class who may be joined for the sake of convenience and economy; it is to say that aggregation of their pecuniary interests is not permissible for making up the jurisdictional amount."

[4] The required jurisdictional amount at the time the original bill was filed was $2,000. Each of the complainants' policies carried an insurance of $3,000. That was pure life insurance, having nothing to do with this fund.[5] There is nothing to show what interest in the fund each complainant asserts. Since complainants have been given the opportunity and were required specifically to set forth in their amended bill their claims, and have declined to do so, we must assume the amount each is entitled to in any event is less than $2,000.

From what has been said it follows that the District Court had no jurisdiction over the case.

There is another reason, having to do with the application of rule 11 (202 Fed. viii, 118 C. C. A. viii) involving the question of the assignments of error on appeal to this court, why this appeal ought not to be

---

[2] Pierce v. Equitable Life Assur. Soc., 145 Mass. 56, 61, 12 N. E. 858, 1 Am. St. Rep. 433.

[3] Gibson v. Shufeldt, 122 U. S. 27, 39, 7 Sup. Ct. 1066, 30 L. Ed. 1083; Clay v. Field, 138 U. S. 464, 479, 480, 11 Sup. Ct. 419, 34 L. Ed. 1044; Davis v. Schwartz, 155 U. S. 631, 647, 15 Sup. Ct. 237, 39 L. Ed. 289; United States v. Freight Association, 166 U. S. 290, 311, 17 Sup. Ct. 540, 41 L. Ed. 1007; Troy Bank v. Whitehead, 222 U. S. 39, 40, 41, 32 Sup. Ct. 9, 56 L. Ed. 81.

[4] Nolen v. Riechman (D. C.) 225 Fed. 812, 816.

[5] Ellison v. Straw, 119 Wis. 502, 506, 97 N. W. 168.

favorably entertained; but a discussion is made unnecessary because, in any event, the court below had no jurisdiction, and its decree of dismissal will be affirmed at appellants' costs.