## ROBBINS et al. v. WESTERN AUTOMOBILE INS. CO.*

(Circuit Court of Appeals, Seventh Circuit. November 25, 1924. Rehearing Denied February 10, 1925.)

No. 3461.

**Removal of causes** ☞72—Suit held not removable because of insufficiency of amount involved to give federal court jurisdiction.

A suit brought by complainants, on behalf of themselves and others similarly situated, in which the claims of complainants are separate and distinct, and no one of them exceeds $3,000, is not within the jurisdiction of a federal court, and not removable because it is sought to enforce the claims against a fund exceeding that sum, and to enjoin transfer of such fund.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by George S. Robbins and others against the Western Automobile Insurance Company. Decree for defendant, after motion for remand had been denied, and complainants appeal. Reversed, with direction to remand to state court.

Dwight S. Bobb, of Chicago, Ill., for appellants.

*Certiorari denied 45 S. Ct. 515, 69 L. Ed. ——.

Samuel Adams and Clyde E. Shorey, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiffs, as policy holders of defendant company brought this suit in the superior court for Cook county, Ill., on behalf of themselves and all others similarly situated, to enforce their claims arising out of insurance policies issued to them (the policies having been canceled), to distribute a certain fund that had been collected by defendant from its policy holders, to enjoin defendant from transferring or removing from the state of Illinois any moneys within the jurisdiction of this court, and to pay from such fund the various policy holders their pro rata share of such accumulations.

Defendant is a Kansas corporation, licensed to do business in Illinois as a foreign corporation. Its business is to write insurance on automobiles. Upon its application the suit was removed to the federal court. A motion to remand was seasonably made, but denied. Thereafter an answer was filed, and the case proceeded to a judgment in favor of defendant. Plaintiffs appealed. They attack the jurisdiction of the federal court.

Plaintiffs reside in Illinois; defendants, in Kansas. Jurisdiction turns upon "the amount in controversy." It is conceded that none of the plaintiffs named paid a premium in excess of $200. Plaintiffs' claims are separate and distinct, and, in order that the federal court may acquire jurisdiction, the claim of one plaintiff should exceed $3,000. Title Guaranty Co. v. Allen, 240 U. S. 136, 36 S. Ct. 345, 60 L. Ed. 566; Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 641, 67 L. Ed. 1151; Rogers v. Hennepin County, 239 U. S. 621, 36 S. Ct. 217, 60 L. Ed. 469; Eberhard v. Northwestern Mut. Life Ins. Co., 241 F. 353, 154 C. C. A. 233.

Defendant's reliance, however, is upon the allegations of the bill and the relief sought respecting an alleged fund of $350,000 accumulated from premiums paid by policy holders, 3,500 of whom reside in Illinois, a part of which fund is kept in the state of Illinois. In other words, defendant contends that the court should, in ascertaining the amount in controversy, look to the pleadings, and particularly the relief sought, to ascertain the character of the suit. Thus enlightened, it contends that the instant suit is one seeking the distribution of a fund of $350,000, the transfer of which the court is at first asked to enjoin, and later to distribute equitably among those who helped create it. The contention must be rejected, upon the authority of Lion Bonding Co. v. Karatz, supra, and Eberhard v. Northwestern Mut. Life Ins. Co., supra.

The decree is reversed, with directions to the District Court to remand the suit to the state court wherein it was instituted.