FRANK & LAMBERT, Inc., v. ROSEN-GREN et· al.

No. 10935.

Circuit Court of Appeals, Eighth Circuit.

June 14, 1938.

Richard Converse, of St. Paul, Minn. (H. S. Johnson, of St. Paul, Minn., on the brief), for appellant.

Matthew J. Levitt, of Minneapolis, Minn. (Fred W.. Putnam, of Minneapolis, Minn., on the brief), for appellees.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order dismissing plaintiff's bill in equity, on motion of defendants, Lowe and Rosengren. The ground of the dismissal was that the Court had no jurisdiction because the matter in controversy did not exceed $3000, exclusive of interest and costs. 28 U.S.C.A. § 41(1).

The facts shortly stated are as follows: plaintiff filed an 'original bill of complaint, and later an amendment to said bill, alleging that it had recovered a judgment against the defendant, Plicata Cedar Corporation, in the District Court of Hennepin County, Minnesota, on June 17, 1935, in the sum of $1072.89. Execution. was issued upon said judgment, and the same was, on June 26, 1935, returned wholly unsatisfied.

Plaintiff in its bill alleges that A. R. Maulsby and Emilie Smyth, both of Everett, Washington, are creditors of the defendant corporation, whose claims amount to more than $3000; and that the present suit is brought on behalf of plaintiff and all other creditors of defendant corporation, although it is not stated that the creditors named have requested plaintiff to bring the suit, or that it is brought with the consent of the creditors named.

The bill further alleges that defendant Lowe was formerly a stockholder and general manager of the Plicata Cedar Corporation, and that defendant Rosengren was also a stockholder and active in its management.

The bill, as amended, further alleges that the individual defendants, Lowe and Rosengren, were authorized by the defendant corporation to collect certain assets for it, out of which its creditors should be paid; that defendant Lowe collected $5483.-95, which he wrongfully appropriated· to his own use; that Rosengren and Lowe

together acquired merchandise and property belonging to the Company and appropriated the same to their own use and benefit; that at or about the same time, Lowe and Rosengren organized the Minneapolis Casket Company and turned over to said Company, without consideration, all the rest of the physical assets of the Plicata Cedar Corporation of a value exceeding $3000.

The bill further alleges that the defendant corporation is insolvent, and has refused to take any action against Lowe and Rosengren; and it prays that they be required to account for the money and property appropriated by them.

Defendants made an oral motion to dismiss the bill because the matter in controversy did not exceed $3000. Plaintiff took the position that the money and property appropriated by the individual defendants constituted a trust fund for the benefit of creditors, and that the matter in controversy is the fund which they should be required to surrender.

The lower Court, in its order granting defendants' motion to dismiss, held that the claims of individual creditors in a creditors' bill cannot be aggregated to support the jurisdictional requirement, unless the creditors have an undivided interest in a fund and there is a necessity of joint action in order to reach the fund, or procure the relief; that in the case at bar, there is no such necessity for joint action.

The main question in the case is, therefore, whether the claims of creditors in a creditor's bill can be aggregated in order to make up the necessary jurisdictional amount.

As a general rule, this cannot be done. Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L. Ed. 871; see 28 U.S.C.A. § 41(1), notes 341, 349, and cases cited.

In the Karatz Case, which, in some respects, was similar to the case at bar, the Court uses the following language (page 86, 43 S.Ct. page 483):

"In the case at bar, if several creditors of the company, each with a debt less than $3,000, had joined as plaintiffs, the demands could not have been aggregated in order to confer jurisdiction. Rogers v. Hennepin County, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Scott v. Frazier, 253 U.S. 243, 40 S. Ct. 503, 64 L.Ed. 883. Nor can Karatz's

allegation that he sued on behalf of others similarly situated help him. Compare Title Guaranty Co. v. Allen, 240 U.S. 136, 36 S. Ct. 345, 60 L.Ed. 566; Eberhard v. Northwestern Mutual Life Ins. Co., 241 F. 353, 356, 154 C.C.A. 223. Since the bill in this case discloses that the amount in controversy was less than the jurisdictional amount, the general allegation that it exceeds this amount is, therefore, of no avail. Vance v. W. A. Vandercook Co., No. 2, 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111."

Applying these rules to the case at bar, we think the order dismissing the bill was right, and it is accordingly
Affirmed.