HILLIKER v. GRAND LODGE, K. P., et al.

No. 8292.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1940.

George A. Meekison, of Napoleon, Ohio, for appellant.

Alva W. Bachman and Martin L. Hanna, both of Bowling Green, Ohio (Bowman & Hanna, of Bowling Green, Ohio, on the brief), for Grand Lodge of Knights of Pythias, appellee.

Alva W. Bachman, of Bowling Green, Ohio, for Samuel H. Squire, appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The appellant was a depositor in The Commercial Bank and Savings Company of Bowling Green, Ohio, with a credit balance of $21.45, when the bank was taken over for liquidation by O. C. Gray, the then Superintendent of Banks of the State of Ohio, on November 30, 1929. She was at that time a minor. Ten years later she brought the present suit against the bank, the Grand Lodge of the Knights of Pythias of the Domain of Ohio, E. E. Corriel, a director of the bank and also, at the time of its failure, Grand Keeper of the Records and Seal of the Lodge and Samuel H. Squire, Superintendent of Banks of the State of Ohio, and successor once removed to Gray. The suit was for recovery of funds allegedly withdrawn by the Lodge with the connivance of the Superintendent subsequent to the taking over of the bank for liquidation, and was brought on behalf of the plaintiff and others similarly situated. It was dismissed as to each defendant on the ground that the complaint failed to state a claim by which relief could be grant-

ed, and on the further ground that the court had no jurisdiction over the subject matter. It is from the several orders of dismissal that the appeal is taken.

The complaint alleges that after the Superintendent had taken charge of the assets of the bank for liquidation, had closed its doors and put a notice to that effect thereon, Corriel abstracted funds by endorsing and surrendering a certificate of deposit in favor of the Grand Lodge, and by its checks purporting to be executed by him as Keeper of the Records and Seal of the Lodge; that the Superintendent connived at the abstraction of the funds and permitted it to be made with intent to give the Grand Lodge preference over other creditors of the bank. It is further alleged that Ira J. Fulton, successor to Gray as Superintendent of Banks, subsequently filed a petition in the Court of Common Pleas of Wood County, Ohio, for the recovery of the sums withdrawn by Corriel, but that the petition, though filed September 23, 1933, was permitted to remain dormant until January, 1938, when Squire, a third Superintendent of Banks, applied to the court for authority to compromise the action and received, in compromise, surrender of a claim against the bank held by the Grand Lodge in the sum of $5,166.67. It is asserted that the claim was worth but $1,059 and that the representations in the application constituted a fraud on the Court of Common Pleas because the withdrawals were represented to have been made before the bank closed, whereas in fact the money was abstracted after the then Superintendent had taken possession. It is asserted that at the time of the closing of the bank the appellant was but 13 years of age, and that she did not discover the facts alleged in the bill until 1939; that on the 17th day of January of that year, she made a demand upon Squire to bring action against the Grand Lodge and Corriel for the benefit of the bank, to recover the money alleged to have been abstracted; that Squire refused to bring the action and that the appellant brought it herself for the benefit of the bank and all creditors and stockholders entitled to and desiring to participate. Finally, it is asserted that there are other depositors holding claims against the bank aggregating approximately $800,000; that the bank has paid depositors but 20 per cent in dividends, and has no assets from which to pay more.

The only ground of federal jurisdiction alleged is diversity of citizenship. The plaintiff's claim against the bank was $21.45, reduced by the 20 per cent in dividends prior to the beginning of her suit. Her only interest is to have the balance to her credit paid and in no circumstances may she receive more. It has long been held that creditors who have each a single title or right against a debtor not in excess of $3,000, may not aggregate their claims, as plaintiffs, to confer jurisdiction upon a Federal Court. Title Guaranty Co. v. Allen, 240 U.S. 136, 140, 36 S.Ct. 345, 60 L. Ed. 566; Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Rogers v. Hennepin County, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883. In cases where the amount in controversy is measured by the value of the property involved in the litigation, Hunt v. New York Cotton Exchange, 205 U.S. 322, 335, 27 S.Ct. 529, 51 L.Ed. 821; Western & Atlantic R. R. Co. v. Railroad Commission of Georgia, 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645, or where the several plaintiffs have a common undivided interest in a single title or right, Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 41, 32 S.Ct. 9, 56 L.Ed. 81, it may be enough, to confer jurisdiction, that the interests of the plaintiffs collectively equal the jurisdictional amount. The fact that the appellant alleged that she sued on behalf of others similarly situated, does not help her. Title Guaranty Co. v. Allen, supra; Eberhard v. N. W. Mutual Life Ins. Co., 6 Cir., 241 F. 353, 356; Wales v. Jacobs, 6 Cir., 104 F.2d 264. The appellee asserts no common and undivided right in herself jointly with others in any fund or property, and the amount owing to her or to each of the others of the class depends upon each individual contract alone. No relief is sought for group rights under a single decree, Beatty v. Kurtz, 2 Pet. 566, 7 L.Ed. 521, or rights which no single plaintiff can enforce in the absence of others because derived from a single security instrument. Troy v. Whitehead & Co., supra. The contention that the funds sought to be recovered will constitute a trust fund for the benefit of all creditors of the bank, does not permit aggregation. As pointed out in Wales v. Jacobs, supra, the assets of a corporation always constitute a trust fund for the benefit of its creditors, but appellant's claim to an aliquot interest therein is still single.

The recent decisions of the Supreme Court in Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111, and Buck v. Gallagher, 307 U.S. 95, 59 S.Ct. 740, 83 L. Ed. 1128, do not alter the rule governing aggregation, for the court was careful to point out in each of its opinions that the members of the Association there complaining had each a common and undivided interest in the right which they sought to protect from the effects of the State Statute there assailed, and the dissenting opinion gives emphasis to this basis for decision, 307 U.S. at page 89, 59 S.Ct. at page 737, 83 L.Ed. 1111. "All that members of the Society have in common is their alleged right to violate with impunity the Florida statute against price fixing. Unless opposition to and violation of the statute can be their bond of unity, appellees have 'separate and distinct demands * * * (united) for convenience and economy in a single suit, (and) it is essential that the demand of each be of the requisite jurisdictional amount.'" A general allegation that the amount in controversy exceeds $3,000 is of no avail where the bill, as here, discloses that it must rest on aggregating individual claims for less. Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111.

But even if we are wrong in the conclusions just announced, the appellant still fails to allege or prove a basis for federal jurisdiction. Under Ohio law, Sections 710-1 to 710-95, G. C., the Superintendent of Banks in charge of liquidation is empowered to institute and maintain actions to enforce liability to the bank for the benefit of its creditors. Section 11224, G.C., provides a limitation of four years for the beginning of tort actions after they accrue, including those for relief on the ground of fraud. Section 11229, G.C., provides that if a person entitled to bring an action is, at the time, within the age of minority, such person may bring it within the respective times limited after the disability is removed.

To escape the limitation above noted the appellant points out that at the time Corriel is alleged to have illegally withdrawn the funds of the Grand Lodge from the bank, she was a minor, and to free herself from the limitation after she became of age, she asserts that she did not discover the facts alleged in the bill until 1939, within a few days of her demand upon Squire. While suing on behalf of a class whose

total claims against the bank are said to aggregate approximately $800,000, she does not and probably cannot allege that she represents a class of depositors, minors when the cause of action arose, and without knowledge of the facts until 1939, whose aggregate claims against the bank exceed the jurisdictional amount of $3,000. In other words, the cause of action against the appellees for the recovery of unlawfully withdrawn funds, arose in 1929 and could then have been enforced by the Superintendent of Banks acting for all depositors of the bank. This right of action was barred by limitation in 1933. Assuming, without deciding, that the statute did not run against the appellant because of her disability and because unaware of the facts after its removal, she stands, so far as the allegations of her complaint are concerned, alone in her class, and the amount of her claim not being in excess of $3,000, it is insufficient to confer upon the court jurisdiction of the controversy. This being so, it becomes unnecessary to determine whether approval by the Court of Common Pleas to the compromise between the Superintendent of Banks and the Grand Lodge is res judicata of the issues involved, or whether dismissal should be sustained on the ground that the appellant has not exhausted her remedies provided by Ohio law.

The orders of dismissal are affirmed.