### JOHNSON et al. v. BENEFICIAL LOAN SOC. et al.

### No. 54 Civil.

District Court, D. Delaware.

Aug. 3, 1940.

Hastings, Stockly & Layton, of Wilmington, Del., for plaintiffs.

Richards, Layton & Finger, of Wilmington, Del., for defendant Beneficial Loan Soc.

NIELDS, District Judge.

Beneficial Loan Society, one of the defendants, moves to dismiss the action because the amount in controversy does not exceed $3,000, exclusive of interest and costs.

Plaintiffs, Julia A. Johnson and Allan Wilbur Johnson, are citizens of New York. Plaintiff, Florence Johnson Wadleigh, is a citizen of Massachusetts. Beneficial Loan Society is a corporation of Delaware. The individual defendants are residents of Philadelphia, New Jersey, Maryland or California, who have never been served with process and may be disregarded in the consideration of this motion.

The complaint alleges inter alia:

(10) That the complainants are now and have been since April 6, 1923, the owners and holders as joint tenants with the right of survivorship and not as tenants in common of two (2) $1,000 certificates of indebtedness, dated January 1, 1914, and maturing twenty-five (25) years after date, bearing interest at the rate of six (6%) percent per annum, payable quarterly, issued by defendant.

(12) That the said certificates of indebtedness held by the complainants here-in are a part of an issue of $8,000,000 in principal amount of certificates of indebtedness or bonds, issued by defendant on or about January 1, 1914, and from time to time thereafter of like tenor and effect, except as to the respective denominations thereof.

(13) That defendant issued, with each of said bonds, a profit sharing certificate, in words and figures as follows:

"For value received, Beneficial Loan Society hereby promises and obligates itself to pay the recorded owner hereof, and of its certificate of indebtedness or debenture bond corresponding number 'Series B' dated January 1, 1914, said bond of the par value of —————— Dollars by check on its bank depository in the City of New York, N. Y., (in addition to the payment of quarterly interest coupons attached to the said certificate of indebtedness or debenture bond) a participation, in the current net profits of the corporation, which shall. at all times equal its pro-rata share of one-third of the total net profits of the corporation from the date of the issue and registration with all certificates of profit sharing issued after providing for all expenses, interest, losses, and casualties, amortization fund and setting aside a suitable surplus as authorized by the charter and by-laws of the corporation and resolutions of the directors, now or hereafter adopted, provided that annually or semiannually the directors may in their discretion, during the fifteen years next ensuing the date of said bond issues, distribute pro-rata among the owners of all certificates of indebtedness and profit sharing a sum in excess of, but not less than, one-third of the net profits as above, including current income on loans and investments and any increase in value of securities owned, and they shall have authority, when and if the total distribution to the certificate owners in any year shall equal 6% profit sharing (plus the interest at 6%) to withhold any additional profit sharing beyond 6% until any sums previously paid or advanced on profit sharing above one-third of the net profits shall have been equalized on a one-third basis, after which the profit sharings shall be disbursed annually, or semi-annually on a basis of approximately one-third of the net profits, as above provided, which represents an additional recompense for money borrowed for the purposes of its authorized business of making loans, investments, etc.; but

such profit sharing paid hereunder shall not exceed 8% in any one year. . .

"Nothing herein contained shall be taken or construed as a guarantee of profits or payments of any definite amount (excepting the quarterly interest coupons annexed to the corresponding certificates of indebtedness) but the provisions in regard to the payments (in addition to such interest), of the annual or semiannual equivalent of an average approximately one-third of the net profits from date (not over 8% in any year) is hereby guaranteed pro rata to each certificate of indebtedness outstanding, if accompanied by a certificate of profit sharing.

"It is understood that this certificate of profit sharing shall be surrendered and accompanied by its corresponding certificate of indebtedness whenever the latter is transferred on the books of the corporation or the Registrar, and that the profit sharing provided is a privilege accruing to the owner of said certificates of indebtedness, his, her, or their heirs, administrators, executors or assigns, and the payment to the registered owner of said certificate of indebtedness or fixed by the directors, shall be a full acquittance of the corporation for all claims under this certificate of profit sharing, which is subject to all the conditions which are set out at length in the by-laws."

(14) That complainants became the owners on or about April 6, 1923, and have been the owners ever since, of two (2) profit sharing Certificates issued as aforesaid.

(15) That from the time of the issue of the said bonds until 1929, defendant was engaged in operating small loan offices throughout the various states where the law permitted the existence and operation of small loan offices and they charged interest rates from thirty-six percent (36%) to forty-two percent (42%) per annum. The business of defendant increased yearly from 1914 to 1929. Every year defendant opened offices in new territories. At the end of 1928 defendant operated some eighty odd small loan offices and received a net return from the operation of the said small loan offices of from twenty-eight percent (28%) to thirty percent (30%) on its capital of twelve million ($12,000,000) dollars. The net profits received by the defendant from the small loan business was approximately three million four hundred eighty thousand ($3,-480,000) dollars per annum.

(16) Said bonds of defendant were not secured by any mortgage but were a direct obligation of defendant and chargeable against its entire assets. Said profit sharing certificates did not contain a guarantee of profits but entitled the owner and holder thereof to one-third (1/3) of the profits of defendant but not in excess of eight (8%) per cent in any one year. Said bonds were secured by the property and assets of defendant consisting of its small loan business throughout the term of the bond. The income from the said small loan business was applicable for distribution among the holders of the profit sharing certificates to the extent of one-third (1/3) of the profits not in excess of eight (8%) per cent in any one year.

(17) That since the issue of said bonds, the defendant has paid interest thereon at six percent (6%) per annum. On its profit certificates defendant has paid from 1923 to 1931 inclusive, at the rate of three (3%) per cent, and from 1932 to 1939 inclusive, at the rate of 1.6% per annum, although the income from the operation of the said small loan offices was sufficient to pay profit sharing to the said certificate holders at the rate of eight (8%) per cent per annum.

Julia A. Johnson is suing as the joint owner of two certificates of indebtedness, each in the principal amount of $1,000 issued by defendant, dated January 1, 1914, and maturing January 1, 1939; and also as the joint owner of two profit sharing certificates issued by defendant in conjunction with the certificates of indebtedness.

The form of the certificates of indebtedness is set forth in paragraph 12 of the complaint. An examination of that paragraph shows that the certificates of indebtedness are merely promissory notes. They entitle the holders thereof to receive the principal amount on January 1, 1939, and also to receive interest at the rate of 6% per annum payable quarterly. Plaintiffs have received all the interest payable on their certificates of indebtedness as appears from the affidavit of the Vice President and Treasurer of defendant.

Defendant deposited in a special account, prior to maturity, the full amount of the principal payable to all holders of outstanding certificates of indebtedness. Sub-

stantially all of said certificates of indebtedness have been surrendered and paid in full. At the close of business on August 4, 1939, there were outstanding only $7,800 in principal amount of certificates of indebtedness including the certificates in the names of the plaintiffs. The defendant has at all times since January 1, 1939, been ready and willing to pay to the plaintiffs the principal amounts of their certificates of indebtedness.

The form of a profit sharing certificate is set forth in paragraph 13. They entitle plaintiffs to participate in 1/3 of the current net profits of defendant after making certain deductions as provided in the certificates, provided however, that such participation shall not exceed 8% in any one year. The holders of profit sharing certificates are not guaranteed any profits. If defendant makes no profits plaintiffs are to receive nothing on their profit sharing certificates.

Plaintiffs allege that defendant was engaged in operating small loan offices throughout the country and its business increased from year to year. Paragraph 18 alleges that the individuals named as defendants being the directors and officers of the Society exercised complete domination and control thereof. With intent to defraud the holders of the certificates of indebtedness and of the profit sharing certificates they entered into an unlawful conspiracy to appropriate to themselves and to another company the small loan business, properties, assets and good will of defendant. In carrying out such conspiracy, the individual defendants caused all of the assets of defendant to be transferred to Beneficial Industrial Loan Corporation in exchange for a portion of its capital stock. That the consideration received by defendant was grossly inadequate. After said transfer the income of defendant was reduced to less than a million dollars a year.

Plaintiffs allege they have not received the full amount of money to which they are entitled under the terms of their profit sharing certificates. This is the basis of this action.

Plaintiffs purport to be suing on behalf of themselves and of all other holders of certificates of indebtedness and profit sharing certificates similarly situated.

█ Plaintiffs received 3% from 1923 to 1931. Assuming they should have received the full 8%, they did not receive 5% during this period to which they are entitled. The claim for profit sharing for each year from 1923 to 1931 is barred by the Statute of Limitations.

"When the cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within six years from the accruing of such cause of action." Revised Code of Delaware 1935, Par. 5131, Sec. 8, p. 1044.

█ From 1932 to 1939 plaintiffs received on their profit sharing certificates 1.6% of the principal amount thereof. Since the maximum amount payable in any one year on account of profit sharing is 8%, there is due and unpaid to plaintiffs 6.4% per year or a total of $128 per year on the $2,000 principal. Since plaintiffs are limited by the Delaware Statute of Limitations to recover only for 6 years, their total recovery is limited to 6 x $128— or $768. This amount added to the principal amount of plaintiffs' certificates of indebtedness is $2,768 which is less than the jurisdictional requirement of $3,000.

█ The complaint attempts to set forth a cause of action on behalf of plaintiffs and *all others similarly situated.* There are no facts and circumstances alleged in the complaint which set forth a cause of action maintainable by plaintiffs and others similarly situated as a class. Under Rule 23(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a class action may be maintained "when the character of the rights sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought." There are extremely few persons holding similar certificates because there were outstanding on August 24, 1939, only $7,800 in principal amount of such certificates including the $2,000 principal amount belonging to plaintiffs. The rights of each former holder and of each present holder of a certificate of indebtedness and profit sharing certificate depend upon different questions of fact, such as, when the holder acquired his certificates, how long he held them, what was paid to him while he held them and what the profits of defendant were while he held them, etc.

█ It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount

396

involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements.

"In the case at bar, if several creditors of the company, each with a debt less than $3,000, had joined as plaintiffs, the demands could not have been aggregated in order to confer jurisdiction. Rogers v. Hennepin County, 239. U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Scott v. Frazier, 253, U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883. Nor can Karatz's allegation that he sued on behalf of others similarly situated help him. Compare Title Guaranty [& Surety] Co. v. [State of Idaho for Use of] Allen, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566; Eberhard v. Northwestern Mutual Life Ins. Co. [6 Cir.], 241 F. 353, 356, 154 C.C.A. 233. Since the bill in this case discloses that the amount in controversy was less than the jurisdictional amount, the general allegation that it exceeds this amount is, therefore, of no avail. Vance v. W. A. Vandercook Co. (No. 2) 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111." Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 483, 67 L.Ed. 871.

Motion to dismiss will be granted.