## STURGEON et al. v. GREAT LAKES STEEL CORPORATION.

### No. 9685.

Circuit Court of Appeals, Sixth Circuit.

July 10, 1944.

---

M. C. Harrison of Cleveland, Ohio (M. C. Harrison and H. H. Marshman, both of Cleveland, Ohio, and William Schwartz, of Detroit, Mich., on the brief), for appellants.

Edward T. Goodrich, of Detroit, Mich. (Prewitt Semmes and Edward T. Goodrich, both of Detroit, Mich., on the brief), for appellee.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

This is a class action in which the jurisdiction of the court is based on diversity of citizenship.

Plaintiffs, twelve in number, in the District Court, four of whom appeal here and employees of appellee, are beneficiaries of policies of sickness, accident and life insurance procurred by appellee for its employees under group insurance issued by the Prudential Insurance Company of America, a mutual company.

The appellee-employer made application to the insurer for group insurance on its employees, the insurance to be in force as to each employee when accepted by him. The premiums, with a slight exception hereinafter noted, were to be collected by the employer from each employee and paid by the employer to the insurer. Two master policies were issued to the employer containing a recital of the contract stipulations and the employer furnished each of his employees a prospectus on the plan of insurance, wherein there was outlined the classes of employees to which the insurance applied, the amount of death and sick benefits payable on the individual's policy and the respective premiums due in advance which were to be withheld and remitted by the employer out of the salary or wages of each employee who accepted the insurance. Each employee indicated his acceptance of the insurance and his willingness for his employer to deduct the premiums from his monthly wages or salary by filling in a form furnished by appellee on which he designated the name of the insured, the amount of life and disability insurance, the monthly premium and the name of the beneficiary.

The insurer, in accordance with and subject to the terms and conditions of the group policies, issued individual policies to each employee insuring him against (1) sickness and accidents, and (2) against death. Each of the master policies contained a provision that while in force, the proportion of the divisible surplus accruing thereon should be ascertained and apportioned by the Board of Directors of the insurer and credited to the policy at the end of the year as a dividend, which dividend was at the option of the employer to be paid in cash or applied to reduction of premiums then due, if any, or upon the written request of the employer, the dividend was to be left with the insurer to accumulate to the credit of the policy, with interest compounded annually at the rate of three and one-half percent.

Appellee's prospectus made no reference to policy dividends nor did the individual policies of employees make such reference.

The employee paid the full premium on the health and accident insurance and on the life insurance with the exception of a certain proportion of the life insurance premium which was paid by the employer, the specific proportions not being shown in the record.

Appellants, in their complaint, allege that there is more than $3,000 involved in the controversy and that each of them is a citizen of the State of Michigan and that appellee is a Delaware corporation authorized to do business in that State. They further allege that this action is brought for themselves and for all employees, past or present, of appellee who at any time were insured under the group policies heretofore described, and that all of said persons are situated similarly to appellants and that the issues are of common and general interest; that said parties are numerous and that it is wholly impracticable to bring all of them before the court. They further allege that appellee, in procuring the insurance and in collecting and paying the premiums thereon, was an agent for its employees and also a trustee. They allege that all sums received by appellee from the insurer as dividends on the policies in question are the property of the individual policyholders and that they have demanded of appellee an accounting and payment of these sums which has been refused. Appellants pray that appellee be required to account for all money collected by it as dividends and that all of said sum or sums be ordered paid into court or to a

master under the direction of the court for distribution to the employees insured under said policies as their interests may appear and that appellee be required to pay interest thereon.

The trial court sustained appellee's motion to dismiss the complaint and appellants appeal.

It is the policy of the Congress to force litigants, citizens of different states, to settle their disputes in state courts, unless the matter in controversy exceeds the sum or value of $3,000. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L. Ed. 1248. In order to support the court's jurisdiction in diversity of citizenship actions, facts must appear in the record showing to a legal certainty that the requisite jurisdictional amount is involved.

The rule is thoroughly settled that where two or more plaintiffs have separate and distinct demands in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount, but when several plaintiffs unite to enforce a single title or right in which they have a common, undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044; Troy Bank v. Whitehead, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81.

Jurisdiction in the case at bar turns on the single question as to whether each complainant has a claim separate and distinct from the other or a common, undivided interest in a fund. In determining that question, the rule that interested parties may join in one action for the purpose of convenience, the saving of cost and the avoidance of a multiplicity of actions, has no application. Seaver v. Bigelows, 72 U. S. 208, 18 L.Ed. 595.

It is true the present bill of complaint alleges generally that the amount involved is in excess of $3,000.00 exclusive of interest and costs, but this allegation is insufficient to satisfy jurisdictional requirements in a class action where there are numerous plaintiffs having no joint or common interest or title in the subject matter of the suit. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

Appellants are undertaking to marshal a common fund in which each of them and those on whose behalf they sue are interested, but this fact, standing alone, does not give the court jurisdiction. The interest of each in the fund does not exceed the amount of the dividends appellee has collected on the policy of each. Seaver v. Bigelows, supra; Chatfield v. Boyle, 105 U.S. 231, 26 L.Ed. 944.

In the case of Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871, where a simple contract creditor of an insurance company sued for the appointment of a receiver on his own behalf and on behalf of others similarly situated and claimed a lien on the assets of the company, the court held that the only interest the plaintiff had was to have his debt paid, and that the amount of the corporation's assets, either within or without the state, was of no legal significance when considering the claim of the plaintiff, nor did the amount of debts the insurance company owed to other creditors situated similarly to the plaintiff, have any significance in determining the jurisdiction of the court.

In the case of Eberhard v. Northwestern Mut. Life Ins. Co., 6 Cir., 241 F. 353, the company issued policies containing tontine features. Several policyholders claiming the company had diverted funds applicable to the payment of their claims, instituted a class action seeking to recover the fund for themselves and others similarly situated. They asserted that the fund was a trust fund held by the insurance company for the benefit of the policyholders in which each had an interest. The court held that even if the fund was a trust fund with each policyholder having an interest in it, the gross fund was not the amount in controversy. It held that each policyholder had an interest independent of and not related to the interest of any other policyholder similarly situated, and that the claims of the respective policyholders could not be aggregated to create the required jurisdictional amount.

Hilliker v. Grand Lodge, K. P., 6 Cir., 112 F.2d 382, was an action brought on behalf of the plaintiff and others similarly situated for the recovery of funds allegedly improperly withdrawn from a bank during liquidation. The court held that jurisdiction depended on the amount of plaintiff's claim and not the aggregate amount of all the claims.

The case at bar is like the above cited case. Here the appellants assert no common and undivided right in themselves jointly with others in any fund, and the

amount owing, if any, to each of the appellants or to each of the others of the class depends upon the individual insurance policy each employee had with the insurer. In the case of Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95 the court held that jurisdiction was absent where former holders of notes instituted a class action seeking an accounting and other relief for fraud in inducing them to dispose of their respective notes. In Robbins v. Western Automobile Ins. Co., 7 Cir., 4 F.2d 249, the court held it had no jurisdiction where policyholders of an insurance company, on behalf of themselves and others similarly situated, instituted an action to enforce their claims arising out of cancelled insurance policies and for distribution of a certain fund collected by the insurer from its policyholders.

Appellants insist that the matter in controversy is the total sum due from appellee to its insured employees and not the particular sums to which each would be entitled when the amount was distributed among them. They insist they all claim under one and the same title, to-wit, the group insurance policies and that they have a common and undivided interest in the claim and further that it is immaterial to appellee how the fund is to be shared among them. They say appellee has no controversy with any of them on that point and if there is any difficulty as to the proportions in which they are to share the fund the dispute is among themselves and not with appellee.

Appellants liken their case to a contract with several to pay a sum of money which, when received, is divisible among them in differing proportions. The inherent weakness in appellants' contention is that the contracts on which they rely are not agreements with the employees, collectively, to pay a sum of money. It is true the group policies which are the predicates of the employees' individual insurance contracts are between appellee and the insurer and it is also true that these contracts contain the provisions relating to dividends, but under the group policies premiums payable by the employer, except for a proportion of the premium on the life insurance, are the monthly premiums collected from the individual employees and any dividends would be measured by the premiums.

Each employee could have maintained an action on his contract for dividends without making any other employee a party to the suit and a recovery by one employee would take nothing from any other employee. Any policy dividend collected by the employer would be allocable to each individual's policy without affecting the right of any other policyholder. The rights of the employees are not derived from the same or common title, but the interest of each in the dividend fund is based upon a separate and distinct contract each has with the insurer and the appellee-employer.

Rule 23(a) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723(c), authorizes a class suit where there are a number of persons with separate claims against the same party arising from a common source and involving the same legal rules and similar facts. In a pure class action aggregation of interests for the purpose of jurisdiction is allowed, but Rule 23(a) adds a type of class action which is sometimes referred to as a hybrid or spurious class suit, but the rule does not broaden the jurisdiction of the federal courts in diversity of citizenship actions. Black & Yates v. Mahogany Ass'n, 2 Cir., 129 F.2d 227, 148 A.L.R. 841. Rule 82 of the Federal Rules of Civil Procedure provides that the rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States. Treating appellants' complaint in the most favorable light on the question of jurisdiction, the allegations indicate only a hybrid class action of which the district court had no jurisdiction.

Appellants rely strongly on the case of Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111. There the State of Florida had passed a statute aimed at combinations fixing the price for the privilege of rendering privately or publicly for profit copyrighted musical compositions. Owners of the copyrights of these compositions had formed an unincorporated association and had granted to the association the exclusive right to use these copyrighted compositions at public performances for a term of years. The association had outstanding more than three hundred contracts issued to users of its members' copyrighted music in Florida. These contracts would have been destroyed unless the relief sought, the invalidation of the statute, was obtained. The court decided that the members of the association had an undivided interest in the matter in controversy which was the value of the association's contract with licensees in the State of Florida, and that as the value of

the licenses in the aggregate was more than $3,000 the court had jurisdiction.

The cited case has no application to the one at bar. The Florida Statute invaded a common and undivided right and the enforcement of the statute would have caused a loss to each of the plaintiffs greatly in excess of $3,000. Injury was to a group for which individually they were in no position to seek legal redress. Compare United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 311, 17 S.Ct. 540, 41 L.Ed. 1007.

Judgment affirmed.