389

STATE OF TEXAS ex rel. MARTIN v.
CONTINENTAL DISTILLING SALES
CO. et al.

Nos. 2196, 2200.

District Court, N. D. Texas,
Dallas Division.

Sept. 17, 1946.

H. Pat Edwards, Civil Dist. Atty., and Dean Gauldin, Dist. Atty., both of Dallas, Tex., for the motion.

John Touchstone, of Dallas, Tex., for defendants.

ATWELL, District Judge.

Under Art. 667-27, Vernon's Annotated Penal Code of Texas, District Attorney Gauldin brought these two suits upon the information and affidavit of M. C. Martin, concededly a "credible person," for the enjoining of the defendants from making use of and continuing in the liquor business in Texas under licenses issued by Bert Ford, administrator of the Texas Liquor Control Board, who had such authority. Permits so issued by Ford are attacked because the requisites for such issuance were not enjoyed by the defendants.

Martin is a resident of Texas, each of the defendants is a corporation granted by a state other than Texas, and each of the defendants has its domicile within such incorporating state.

The general allegation, as made in the petitions for removal, is that the state of Texas has no real interest and that Martin is merely the agent of competing liquor concerns who are operating in Texas under similar permits

If over $3,000 may be conceded in each cause, which is quite doubtful, the contentions are made by the motions to remand, that the state of Texas is not a "person" within the meaning of the removal statute, nor is the requisite jurisdictional amount involved, nor is there a controversy arising under any national law or regulation, and that the suits are not of a civil nature.

The defendants counter-attack by suggesting that the Attorney General is the only state officer who can bring an action under the state statute to revoke, or, enjoin the use of a permit issued by the State Liquor Board.

390

■ Regardless of the constitutional definition of the duties and the province of the Attorney General as representative of the state, this court is not sufficiently impressed to pronounce the state statute which gives authority of this sort to the District Attorney, or, the County Attorney, or, the Attorney General, to delete and deny such authority to county or district attorneys, and to vest it only in the Attorney General.

■ Bearing in mind the weight that must be given to the construction of state statutes by the state courts, when those statutes are under scrutiny in a national court, there is sufficient support for the position of this court in such decisions.

■ Likewise, these suits arise under the police power of the State of Texas and the state acting in its sovereign capacity. Each of the causes smacks, may be clearly sensed, as criminal in nature, for they deal with police power and the welfare of the people and the control of liquor vending. If this court retains jurisdiction and should see fit to set aside this permit, it clearly would be interfering with the duties of the state administrative officer, who, apparently, from these pleadings, has acted within the scope of his authority. Such confusion in a matter purely of local self-government can hardly be defended.

It will not do to rely upon Ames v. Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482, without reading with it Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962.

The safe course seems to be to grant the motion to remand.

Some of the authorities upon the position of each side are as follows: Texas v. Day Land Co., C.C.Tex., 41 F. 228; Maloney v. American Tobacco Co., C.C. Ill., 72 F. 801; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239; Toole County Irrigation v. Moody, 9 Cir., 125 F.2d 498; State v. Crystal Club, Tex.Civ.App., 177 S.W.2d 110; Jeter v. State, Tex.Civ.App., 184 S.W.2d 716; State v. Birdette, 139 Tex. 357, 162 S.W.2d 932; Walker v. State, Tex.Civ.App., 173 S.W.2d 741; Art. 667–27, Vernon's R.S.Texas.

■ Prior to 1937 a proceeding against an issued permit was allowed to be filed by a private individual, but Art. 667–27, the present law, provides for the route pursued in this case by the District Attorney, thus abrogating the original right of the private citizen to institute such a suit. Trent v. Kennedy, Tex.Civ.App., 109 S.W.2d 327; Wallace v. Ford, D.C., 21 F. Supp. 624; Title Guaranty v. Idaho, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566; Texas Liquor Control v. Warfield, Tex.Civ. App., 122 S.W.2d 669; State v. DeSilva, 105 Tex. 95, 145 S.W. 330; Federal Communications Com. v. Sanders, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869; State v. International R., 89 Tex. 562, 35 S.W. 1067; Security State Bank v. State, Tex. Civ.App., 169 S.W.2d 554; State of Missouri v. Homesteaders, 8 Cir., 90 F.2d 543; Reagan v. Farmers Loan & Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014; Missouri K. & T. v. Missouri R. R. & Warehouse Commissioners, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78; Ex parte Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876.

An order remanding may be prepared.